## Cook and Wakeley *versus* Deerfield Township.

| 64 | 445 |
| 208 | 1 79 |
| 64 | 445 |
| 31 SC | 2 361 |

1. Supervisors cannot change the route of a road without the sanction of the Quarter Sessions.

2. Supervisors contracted to change the route of a road; the contractors had no knowledge that the supervisors were acting without authority. *Held*, that they could recover against the township for their work.

3. The township had a remedy over against the supervisors to charge them with the illegal expenditure in their settlement before the auditors.

4. Supervisors have a general authority to repair public roads, and to bind the township for the expense.

5. The principal must suffer the loss if a general agent exceed his power in a particular, apparently within his authority.

6. Those who work for supervisors on the roads are not bound to make inquiry beforehand, as to the rightful location of the route.

March 15th 1870.   Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.   READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county* : No. 156, to January Term 1870.

This was an action of assumpsit, by Dormo Cook and W. O. Wakeley, for the use of Rossham & Gertsley, commenced April 27th 1867, against The Township of Deerfield.

This action was for the recovery of $200, the amount of an order issued to plaintiffs by the supervisors of the township of Deerfield for work done by them in the repair of a road under authority of the supervisors, who approved of the work and accepted it.   It appeared that the road on which the repairs were required, was so located that it was found impossible to repair it without changing the route for thirty or forty rods.   The work which the plaintiffs performed was in opening and making the road on the changed route, under instructions from the supervisors, and with the consent of the landholders through whose land the change was made.   There was no authority of law for the alteration, but there was no evidence that the contractors knew that the supervisors in making it were acting without authority.

The plaintiffs asked the court to charge:—

"That if the jury believe from the evidence that there was a public necessity for the change of the Troop's Creek road, in the township of Deerfield, for the distance of thirty-five rods, of forty feet in width on an average, and that the interests of said township were better subserved by such change than by an attempt to repair the road on the old site, such change having been made with the full consent of the owners of the land over which the road passes, the defendant is liable for the value of the work and labor done to effect such change, and the plaintiffs are entitled to recover."

The court (White, P. J.) refused the point and charged:— * *

[Cook *v.* Deerfield Township.]

" The action of tho supervisors, therefore, in changing this road was without authority of law and void; and no recovery can be had against the township of Deerfield for the value of the work done by Cook & Wakeley under their contract, nor any part thereof; nor for the price stipulated to be paid them in the contract, or any part thereof. Under all the facts given in evidence, the jury are instructed to return a verdict for defendant."

The verdict was for the defendant.

The plaintiffs removed the case to the Supreme Court, and assigned for error the refusal of their point, and the portion of the charge above given.

*M. F. Elliott, S. F. Wilson* and *W. H. Smith*, plaintiffs in error.

*H. Sherwood* and *J. B. Niles*, for defendant in error, cited Holden *v.* Cole, 1 Barr 303; McMurtrie *v.* Stewart, 9 Harris 322; Clark *v.* Commonwealth, 9 Casey 112; Furniss *v.* Furniss, 5 Id. 15; Calder *v.* Chapman, 8 Barr 522.

The opinion of the court was delivered, March 21st 1870, by

AGNEW, J.—The point on which the plaintiff asked the court below to charge the jury introduced unnecessarily a question as to the right of the supervisors to change the route of the road on which the work was done, and was, on this account, followed by an adverse answer. There can be no doubt of the entire want of authority in the supervisors of a township to change the route of a public road, without the sanction of the Court of Quarter Sessions given in a proper proceeding to effect the change: Holden *v.* Cole, 1 Barr 303; Calder *v.* Chapman, 8 Id. 522; McMurtrie *v.* Stewart, 6 Harris 322; Clark *v.* Commonwealth, 9 Casey 112.

But the judge concluded his charge by instructing the jury that on all the facts in evidence, they should return a verdict for the defendant. It does not appear, however, in the evidence, that the plaintiffs were informed that the change in that part of the road was made without authority. For aught that appears in the evidence, it is fair to presume that the plaintiffs, as contractors for the repair of the road, acted under the belief that this part of the route was changed in conformity to law. This being so, the loss should fall on the township in the first instance, and not on the contractors, the township having a remedy over against the supervisors to charge them in their settlement before the auditors, with the illegal expenditure. The reasons for this are obvious. The supervisors have a general authority to repair the public roads of the township and to bind the township for the expense. Their power to bind it is like that of a general agent, whose principal must suffer the loss, if the agent exceeds his

[Cook *v.* Deerfield Township.]

power in a particular apparently within his authority. Being the authorized agents of the township in the general repair of public roads, it is manifest that those who are employed to work on the roads are not bound to make inquiry beforehand, as to the rightful creation of the road on which the supervisor directs them to work. It would be intolerable injustice if those who take contracts from public officers having competent authority to make them, should be compelled to lose the labor and money expended by them, if it should turn out that the officer had misdirected them where to perform the contract.

It was on this principle of general authority on the part of county commissioners to represent the county, that it was held in Dauphin County *v.* Bridenhart, 4 Harris 458, that the county was bound for the rent of a house leased by the commissioners for the use of the sheriff; though there was no authority to furnish him with a dwelling. The commissioners therein exceeded their powers, but having a general power to act in behalf of the county, the owner of the house was not bound to inquire into their authority in the particular instance. It is often impossible for individuals to know, or to be able to determine, whether the particular matter lies within the scope of a general agent's power. There are cases where the county is sometimes bound even where the agent has no general authority. Such are the following: Commissioners *v.* Hall, 7 Watts 290, where the county was held liable for the expense of a jury kept together in a capital case ; Allegheny County *v.* Watts, 3 Barr 462, where the county had to pay the fees of a physician for making a *post mortem* examination at the instance of the coroner ; McCalmont *v.* Allegheny County, 5 Casey 417, where the county was held liable to pay the expense of an office to keep the records, &c., of the Supreme Court. There being in this case no evidence that Cook & Wakeley, the contractors, made themselves a party to the illegal act of the supervisors, or were notified to desist on that account, the court erred in directing a peremptory verdict against the plaintiffs.

Judgment reversed, and a *venire facias de novo* awarded.