## Somerset Township *versus* Parson.

1. One of several supervisors cannot bind the township by a contract which required the deliberation and exercise of judgment of all the supervisors.

2. One supervisor can employ a laborer to repair a road; but he cannot bind the township by an agreement to reimburse the laborer in case his plow should be injured while plowing the road.

February 14, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *Somerset county:* Of January Term, 1884, No. 240.

Assumpsit, by James Parson against the Township of Somerset, to recover damages for injury to a plow while plowing a road. The suit was originally brought before a justice of the peace, who gave judgment for the plaintiff for the sum of $8.00. On appeal to the common pleas it was tried twice, each trial resulting in a verdict for the plaintiff for $8.00, which, according to the evidence, was the value of the plow. Plaintiff testified: "It was a good old plow; had it for ten years."

The facts are sufficiently set forth in the opinion of this Court. The defendant presented a number of points, requesting the court to instruct the jury, among other things, that the verbal guaranty that the plow would not break was beyond the scope of one supervisor's duty, and did not bind the township.

The court (BAER, P. J.) declined to affirm that proposition, and in answer thereto, and in the general charge, instructed the jury that if the plow broke, without negligence by the driver, by reason of plowing a harder material than the supervisor represented was to be plowed, the township would be liable.

Verdict and judgment for plaintiff for $8.00. Defendant took this writ of error, assigning for error, inter alia, the above instruction of the court.

*Valentine Hay* and *John H. Uhl* for the plaintiff in error.

*Coffroth & Ruppel* for the defendant in error.

Chief Justice MERCUR delivered the opinion of the court, October 6, 1884.

The sum involved in this controversy is small, but the

question of the liability of the township on the claim is important.

It appears there were four supervisors of the Township of Somerset. For their convenience they divided the township into four districts, each supervisor taking charge of the roads in one district. The supervisors laid the road taxes, and fixed the wages to be allowed for all hands, teams with plows, wagons, &c.

Heiple, one of the supervisors, engaged the defendant in error to work on the public road with two men, and team with plow, and to be credited therefor on his road tax. The plow was broken while thus in use on the road.

The claim to recover against the township rests chiefly on a promise of the one supervisor, made when he engaged the team and plow, that the latter would not break, or that he would be responsible if it did.

The question is, did such a contract by one supervisor bind the township? We are clearly of opinion that it did not. It was outside and beyond the ministerial power delegated to him. The affirmance of such a right would place the township at the mercy of a single supervisor. If he can bind the township by such a contract relating to the plow, he may, with equal propriety, bind it to make good all damages that may be done to the wagon, horses and harness of a tax payer while engaged in working out his taxes.

One supervisor cannot levy a tax to pay the debts contracted nor the expenses incurred in the township: Cooper v. Lampeter Township, 8 Watts, 125. As a general rule it may be declared one cannot bind the township by a contract, the propriety of which requires deliberation and the exercise of judgment: Union Township v. Gibboney, 13 Norris, 534. He may bind it in matters purely ministerial. It is in the line of his ministerial duty to open or repair a road. He can, therefore, employ laborers for that purpose. It was held in Dull v. Ridgway Township, 9 Barr, 272, that one might give a valid due bill which showed on its face that it was for work done thereon. The right of the laborer rested rather on the consideration mentioned therein than on the due bill itself. The township was not thereby deprived of any valid defence.

The law has wisely entrusted to the supervisors, as a body, the transaction of all the public business imposed on them which calls for the exercise of judgment and careful deliberation. The conclusion at which we have arrived does not conflict with Commonwealth v. Supervisors of Colley Township, 5 Casey, 121, in which it was held that the supervisors might enter into a valid arrangement that each should take charge of a certain portion of the township, and direct the working out

of road taxes therein. Nor is the present case like Hopewell Township *v.* Putt, 2 W. N. C., 46, in which a person was permitted to recover for money advanced to pay for work actually done in constructing the road. The attempt now is not to recover for work done, not for money advanced to pay for work done, but to pay damages not contemplated by the board of supervisors, and not implied under any authority given by them. The alleged contract was therefore in excess of the power of one supervisor, and the township is not bound thereby. It cannot be said that such a contract is a ministerial act. One common error pervades the charge, and is covered by each of the first four assignments of error. Without the contract we see no evidence of such negligent conduct on the part of the supervisor as would support a verdict against the township. The assignments are therefore sustained.

> Judgment reversed, and a venire facias de novo awarded.