# Climax Road Machine Company *v.* Allegheny Township, Appellant.

*Public officers—Township road commissioners—Contractual power—Deliberative action—Absence of minutes of meeting.*

Road commissioners have discretionary power to contract for the purchase of road machines and while such action must be a deliberative act had at a meeting properly convened of which all the officers had notice, it cannot be held that the lack of minutes of such meeting is fatal to the validity of a contract authorized thereat.

*Evidence—Discretionary power of road commissioners—Offer to disprove.*

In a suit on a note given for a road machine purchased by the commissioners an offer to prove that the machine was not necessary to the township was properly rejected; the commissioners have discretionary power to purchase such machinery as they deem necessary.

Argued May 18, 1899.    Appeal, No. 226, April T., 1899, by defendant, from judgment of C. P. Venango Co., April T., 1898, No. 54, on verdict for plaintiff.    Before RICE, P. J., BEAVER, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Affirmed. Opinion by BEAVER, J.

Assumpsit.    Before CRISWELL, P. J.

It appears from the evidence that this was an action to recover the price of a road machine purchased by the commissioners of Allegheny township.    [The court permitted evidence of the plaintiff's agent as to what took place between himself and the commissioners.] [1, 2]    [But it excluded the offer on the part of defendant that such machines were not being used in Allegheny township and were not proper or necessary to the maintenance of the public highways of the township and that the purchase and use of the machine were nothing more than unnecessary experiments.] [3]

The plaintiff submitted a point, which point and answer are as follows :

[The road commissioners are the judges of what machinery and implements are necessary for the making and repairing of the public highways, and their determination of such questions is prima facie binding on the township.    *Answer:* Affirmed; any action by the commissioners in respect to such matters, taken in good faith while acting in behalf of the township, was prima facie binding on the township.] [10]

Defendant submitted the following point, which point was refused:

[To entitle the plaintiff to recover, the burden of proof is on it to show that the contract in question was consummated as the result of the official action of the commissioners, and the best evidence of such action is the minutes or records of the township clerk. The plaintiff having failed to prove such official action by said minutes or record, is not entitled to recover.] [8]

Verdict and judgment for plaintiff for $761.40. Defendant appealed.

*Errors assigned* among others were (1–3) to rulings on questions of evidence as indicated in the statement of fact. (7) Refusing binding instructions for defendant. (8) Refusing defendant's second point, reciting point and answer. (10) In answer to plaintiff's point, reciting point and answer.

*Eugene Mackey*, with him *William J. Breen* and *Julius Byles*, for appellant.—It is the legal duty of the commissioners to see that a record is kept of their official action. The best evidence of such official action is the minutes signed by the secretary: Wachob v. School District, 8 Phila. 568.

The commissioners could not bind the township by an act like this which required deliberation and the exercise of judgment unless they acted in their official capacity in their regular constituted meeting: Cooper v. Lampeter Twp., 8 Watts, 125; Union Township v. Gibboney, 94 Pa. 534; Somerset Township v. Parsons, 105 Pa. 360.

*C. I. Heydrick*, with him *C. Heydrick*, for appellee.—To require such formality and "solemnity" in the transaction of the business of a sparsely inhabited township, as is insisted upon here would be practically to interdict such business, and no such rule has yet been promulgated.

Meetings were held by two of the commissioners and notice was sent to the third who was then sick, for the purpose of final decision, and after testing the machine the commissioners decided to accept it. These several meetings and the acts then done, whether regarded as original acts of purchase or as ratifi-

cations of former acts not done with due solemnity, are binding upon the township : McKnight v. Pittsburg, 91 Pa. 273 ; Shiloh St., 165 Pa. 386 ; Silsby Mfg. Co. v. Allentown, 153 Pa. 319.

OPINION BY BEAVER, J., July 28, 1899 :

An act of assembly relating to roads, highways and bridges in the counties of Warren, Venango and McKean and for other purposes, approved the 9th of April, 1854, P. L. 230, provides for the election in each township of Venango county of three persons who shall be styled commissioners of roads and highways, the 6th section of which provides : " That it shall be the duty of the said commissioners to take the general charge and supervision of all the roads and bridges in each of the said townships of said county." The Act of May 24, 1887, P. L. 202, provides : " That from and after the passage of this act the road commissioners and other officers having in charge the opening, constructing and repairing of public roads, highways and bridges in any township in this commonwealth are hereby authorized, at their option, to purchase for the use of their respective districts, plows, scrapers, road machines and such other implements and materials as may from time to time be found necessary in the opening, constructing and repairing of said roads, highways and bridges." These acts undoubtedly vested in the commissioners of roads and highways for the township of Allegheny the power to contract for the purchase of the machine, the price of which was the consideration for the notes in suit. The road commissioners, being charged with the duty of caring for the roads, must exercise their own discretion as to the manner in which this is to be done. The act of 1887, supra, expressly declares that the authority conferred by the act is to be exercised " at their option." The offer of the defendant, therefore, to prove by a witness other than one of the road commissioners in office at the time " that such machines as the one in question were not in use in Allegheny township or in that section at or prior to the making of this alleged contract ; that the purchase of the machine in question was not proper or necessary for the maintenance and repair of the public highways of the township and that the purchase and use of the machine were nothing more than an unnecessary experiment " was very properly overruled. Such testimony was entirely irrelevant.

The testimony of the plaintiff's agent as to what was done by him in the matter of the sale of the machine to the road commissioners was relevant and the ground for the admission of oral testimony as to the contents of the preliminary written contract was properly laid by proof of its loss. The first, second and third assignments of error are, therefore, overruled.

Was the contract made by the commissioners legally binding upon the township? This is the only remaining question in the case. "One supervisor cannot bind the township for performance of a contract, the propriety of entering into which is the subject of deliberation and the exercise of judgment, but he may in matters purely ministerial. When the business requires deliberation, consultation and judgment, all should be convened, because the advice and opinions of all may be useful and, though they do not unite in opinion, a majority may act, when there are more than two:" Union Twp. v. Gibbony, 94 Pa. 534; Somerset Twp. v. Parsons, 105 Pa. 360. The purchase of a stone crusher, both because of the importance of such action in reference to the repair of the roads and the cost thereof to the township, was such an act as required deliberation and consultation on the part of the road commissioners: Machine Co. v. Twp. of Washington, 9 Pa. Superior Ct. 105. The testimony in regard to such consultation and deliberation and of meetings called for that purpose was in this case not wanting but the question as to whether or not such meetings were called and held was properly left to the jury, the court saying in submitting it: "The act of the road commissioners in purchasing this machine at this time, involving an expenditure of some $800, would be a deliberate act—an act requiring deliberation. It would require the board being duly convened and would require notice to be given to it. If you believe the evidence on the part of the plaintiff here, such notice was given and two were present and those two, the board being duly convened, would be competent to act on behalf of the township. The allegation on the part of the defendant is that they didn't meet lawfully and, in order to support that contention, they offer Mr. Twombly and he says Mr. Shelmadine at one time told him they had not met. That is all the evidence you have that there was no meeting. On the other hand, you have the testimony of Mr. Bugby, the evidence of Mr. Shelmadine and the evidence of Mr. Farrell,

the plaintiff's agent, that they did meet, that they all had notice, that they had a meeting and the matter was considered and the notes given." We have given very careful attention to the entire testimony and are satisfied that this statement of the facts in regard to the meetings of the commissioners, as made by the court, is entirely correct.

The defendant seriously claimed in the court below and strenuously insists here that the contract for the purchase of the stone crusher and the notes given therefor are invalid for the reason that no minute relating to the subject was made by the township clerk in the records of the township. The defendant offered the records of the township in evidence and it does not appear that any such minute was made. Does this render the transaction invalid? It was said by Mr. Justice WILLIAMS, in Penna. R. Co. v. Montgomery Co. Pass. Ry., 167 Pa. 62, a case. which involved the consent of the supervisors of a township to the occupation of a township road by a street railway, discussing the acts of supervisors which require deliberation and the exercise of judgment: "In such cases the supervisors must be together and their action must be taken in their official character and should appear upon the township book kept by the town clerk. If not so taken, it does not bind the township and has no validity whatever. The supervisors should consider and deliberate upon any application made to them for leave to occupy any of the township roads with a street railway. If they decide to grant the application for certain terms and conditions as to the manner and extent of the occupancy permitted and the question of repairs to be required, these terms should appear on the record of the meeting, as well as the consent, and a *contract that does not rest on such official action, properly taken by the proper officers, is utterly worthless."* It will be observed that in this declaration of the Supreme Court, as made by Mr. Justice WILLIAMS, it is the official action which is referred to and not the record thereof. The law has for many years been well settled that such action must be deliberative, it must be had at a meeting properly convened, of which the officers had notice and, as we interpret this declaration of Judge WILLIAMS, it goes no further than the law as laid down in the cases quoted by him. Machine Co. v. Township of Washington, supra, was decided upon the ground that no meeting had been called or

convened for the purpose of considering the purchase of or payment for the crusher and, although it is said in that case "that no minutes were kept nor record made of any action taken in regard thereto," the lack of such minutes was regarded rather as the evidence that no meeting had been held than as an essential to the validity of the contract. Public officers are presumed to do their duty and those who transact business with them have a right to rely upon that presumption. To hold that a minute in the records of the township was essential to the validity of such a contract as was made in the present case would be to allow the township to take advantage of its own wrong or the negligence of its own officers, which is practically the same thing. We cannot believe that such a conclusion was intended or is warranted by the language used in Penna. R. Co. v. Montgomery Co. Pass. Ry., supra.

The question as to the power of the road commissioners to incur such an indebtedness as is involved in the giving of the notes in suit, without at the same time providing " for the collection of an annual tax sufficient to pay the interest and also the principal thereof within thirty years," under section 10, article 9 of the constitution, was not raised in the court below and need not be considered now. If defendant desired to raise a constitutional question of this kind, it was its duty to present it definitely to the court in a proper point, or prayer for instructions to the jury.

The case was clearly one for the consideration of the jury. It was properly presented and all disputed questions of fact fairly submitted. We find no error in the record and the judgment is, therefore, affirmed.