# Mitchell *v.* Kearns (No. 2).

*Municipalities—Powers of officers—Notice.*

Every person is supposed to know the restrictions on the power of the officers of a corporation of a public nature, and the extent of their authority.

*School law—Meetings of directors—Notice—Purchase of school books—. Act of May 8, 1854, sec. 25, P. L. 617—Injunction—Equity.*

On a bill in equity to restrain school directors from carrying out a contract for the purchase of school books, a preliminary injunction will be continued where it is not pretended that two of the directors had any notice of the meeting at which the contract to purchase was entered into, or that they were even consulted with reference to the terms of the contract, or that it was ever authorized or ratified by the board acting as such, or that any record of the action of the three or four directors who made the contract was even entered upon the minutes. The mere fact that at a previous meeting of the board a general resolution was passed adopting the series of books covered by the contract is immaterial. The kind and number of the books and the prices to be paid for them were matters requiring deliberation, consultation and judgment, and were for the consideration of the whole board.

Argued Jan. 17, 1901. Appeal, No. 49, Jan. T., 1901, by

defendants, from decree of C. P. Luzerne Co., Oct. T., 1900, No. 18, continuing preliminary injunction in case of Thomas Mitchell v. Michael Kearns et al., School Directors of Pittston Township, and The American Book Company, a Corporation. Before RICE, P. J., BEAVER, ORLADY, W. W PORTER and W. D. PORTER, JJ.   Affirmed.

Bill in equity to restrain the carrying out of a contract to purchase school books.   Before WOODWARD, P. J.

From the evidence it appeared that on August 31, 1900, the school directors of Pittston township school district passed a resolution adopting the American Book Company's series of text books.   It was claimed that this meeting had been held without proper notice to the directors and to the school teachers as required by the act of May 8, 1854, sec. 25.   Subsequently, three or four of the directors entered into a contract with the American Book Company for the purchase of school books of the American Book Company.   This contract was not made at any special or regular meeting of the directors.

The court granted a preliminary injunction which it subsequently continued.

*Error assigned* was in continuing the preliminary injunction.

*E. F. McGovern*, with him *George F. O'Brien*, for appellants, cited: Brown's App., 62 Pa. 17; Harkinson's App., 78 Pa. 196; Shroder's App., 1 W. N. C. 528; Baxter v. Buchanan, 7 Phila. 315; McCartney v. Cassidy, 141 Pa. 453.

*Charles E. Terry*, for appellee, cited: Krickbaum v. School Directors of Benton, 3 Kulp, 30; Eckert v. School Directors of West Pennsboro Twp. 18 Phila. 586; Barber v. Wilhelm, 7 Pa. C. C. R. 214; Butler & Co. v. Shirley Twp. School District, 15 Pa. C. C. R. 291; Barber v. School Directors, 19 Pa. C. C. R. 644; Case of Baltimore Turnpike, 5 Binney, 481; Allegheny Co. Workhouse v. Moore, 95 Pa. 408; Pike County v. Rowland, 94 Pa. 238; Penna. R. Co. v. Montgomery Co. Pass. Ry. Co., 167 Pa. 62; Union Twp. v. Gibboney, 94 Pa. 534; Somerset Twp. v. Parson, 105 Pa. 360; American Road Machine Co. v. Twp. of Washington, 9 Pa. Superior Ct. 105.

PER CURIAM, February 14, 1900:

This is an appeal from an interlocutory order enjoining the defendants from carrying into execution a contract for the purchase of school books entered into between three, or at the most four, of the school directors of Pittston township school district, and the agent of the defendant company at a secret meeting at the house of one of the directors, of which the other two directors had no notice. The minutes show that at a previous special meeting of the board, a resolution was passed to adopt the American Book Company's series of books. By the weight of testimony two of the directors were not present at this special meeting, although the minutes show that they were present and voted in the negative, and there is, to say the least, grave doubt whether they or the teachers had such notice of a special meeting for the purpose of selecting and deciding upon the series of books to be used during the ensuing year as is contemplated by section 25 of the Act of May 8, 1854, P. L. 617. Inasmuch, however, as it is not pretended that these two directors had any notice of the meeting at which the contract in question was entered into, or that they were ever consulted with reference to the terms of the contract, or that it was ever authorized or ratified by the board acting as such, or that any record of the action of these three or four directors was ever made upon the minutes, we deem it unnecessary to discuss the questions as to the regularity of the meeting at which the resolution heretofore referred to was adopted, or to foreshadow the decision that ought to be made of them, if upon final hearing the testimony shall be the same as that now presented. Granting the regularity of that meeting, it does not follow that the making of the contract in question was a mere ministerial act which one, two, three or even four of the members of the board could perform without even consultation with their fellow-members. The kind and number of the American Book Company's books, and the prices to be paid therefor were left undetermined by the resolution. These were matters requiring deliberation, consultation and judgment, and to such action the principle applies that all the members of the board should be convened, or be afforded an opportunity to be present at the meeting at which they are to be determined, because the advice and opinions of all may be useful, though all do not unite in opin-

ion.  This principle has been applied or recognized in numerous analogous cases, amongst which may be mentioned Baltimore Turnpike, 5 Binney, 481, Pike Co. v. Rowland, 94 Pa. 238, Union Township v. Gibboney, 94 Pa. 534, Allegheny Co. Workhouse v. Moore, 95 Pa. 408, Somerset Township v. Parsons, 105 Pa. 360, School Dist. of Erie v. Fuess, 98 Pa. 600, Nason v. Poor Directors, 126 Pa. 445, Butler v. School District of the Boro. of Leighton, 149 Pa. 351, Penna. R. R. Co. v. Montgomery Co. Pass. Ry. Co., 167 Pa. 62, American Road Machine Co. v. Washington Township, 9 Pa. Superior Ct. 105, and Climax Road Machine Co. v. Allegheny Township, 10 Pa. Superior Ct. 437.  The case of Wachob v. School Dist. of Bingham, 8 Phila. 568, decided by the late Justice WILLIAMS when upon the common pleas bench, and referred to with approval in Penna. R. R. Co. v. Montgomery Pass. Ry. Co., supra, is exactly in point.  The granting of the motion to continue this injunction interfered with the exercise of no discretionary power of the school board in the selection and purchase of school books; it simply prevents the carrying into execution of an illegal and void contract.  The necessity for the books, be it ever so great, cannot be pleaded by the majority of the board as an excuse for their disregard of the mandatory provisions of the 25th section of the act of 1854, if they were disregarded, or for their admitted disregard of the rights of the other members of the board when the contract was made.  Nor can the other party to the contract plead its ignorance of the want of authority of the three or four directors with whom it dealt, because, as has been said repeatedly, " every person is supposed to know the restrictions on the power of the officers of a corporation of a public nature and the extent of their authority."

Order affirmed and appeal dismissed at the costs of the appellants.