# Austin Manufacturing Company, Appellant, *v.* Ayr Township.

*Road law—Duties of supervisors—Contract—Act of May* 24, 1887, *P. L.* 202.

When the business of township supervisors requires deliberation, consultation and judgment, all of the supervisors should be convened because the advice and opinions of all may be useful; but more cannot be expected in townships having but two supervisors than that they shall honestly confer with each other and fairly deliberate in the interest of the taxpayers before they attempt to bind the township by their action.

In an action upon township orders signed by the two supervisors of the township, and given in payment for a road machine, the case should be submitted to the jury where the evidence clearly shows that the two supervisors conferred together in regard to the purchase of the property, and after two hours' public test in the presence of a number of taxpayers agreed in deliberate consultation that the road machine was of the kind and quality as represented by the plaintiff's agent, and that in their judgment it was adapted for use on the roads under their supervision. The evidence is sufficient to warrant a jury in finding that the supervisors made the contract after such deliberation as the law expects and requires.

Argued March 18, 1901.    Appeal, No. 3, March T., 1901, by plaintiff, from order of C. P. Fulton Co., Jan. T., 1899, No. 52, refusing to take off nonsuit in case of F. C. Austin Manufacturing Company, now to use of Florence Hanks v. The Township of Ayr.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Assumpsit on township orders.    Before SWOPE, P. J.

From the record it appeared that the action was brought upon two township orders each for $125, and both signed by George W. Glenn and David Rhinelander, the two supervisors of the township of Ayr.    The orders were given for a road machine purchased by the supervisors.    The circumstances connected with the purchase of the machine are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was order refusing to take off nonsuit.

*W. Rush Gillan,* with him *M. R. Shaffner* and *W. Scott Alexander,* for appellants.—The action of the supervisors was taken after proper deliberation: American Road Machine Co. v. Washington Twp., 9 Pa. Superior Ct. 105; Jefferson Co. v. Slagle, 66 Pa. 202; Penn. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62.

*O. C. Bowers,* with him *J. Nelson Sipes* and *John P. Sipes,* for appellee.—The supervisors must act together after deliberation and at a proper meeting: American Road Machine Co. v. Washington Twp., 9 Penn. Superior Ct. 105; Penn. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62; Union Twp. v. Gibboney, 94 Pa. 534; Cooper v. Lampeter Twp., 8 Watts, 125; In re Baltimore Turnpike Road, 5 Binney, 481; Butler v. Lehighton School Dist., 149 Pa. 351.

OPINION BY ORLADY, J., July 25, 1901;

The duties imposed by law on supervisors of public roads and highways in the township of Ayr in Fulton county are to be performed by two persons elected or appointed for that purpose. For the year 1892 George W. Glenn and David Rhinelander were the duly elected and acting supervisors, and this action of assumpsit is brought to recover on a contract made by them with the plaintiff for the purchase of a road machine. By Act of May 24, 1887, P. L. 202, the supervisors were authorized " at their option, to purchase for the use of their district plows, scrapers, road machines, and such other implements and materials as may, from time to time, be found necessary in the opening, constructing, and repairing of said roads, highways, and bridges." After some preliminary negotiations between the two supervisors and an agent of the plaintiff, a road machine was shipped into the township for a public test on the roads. The exact form of the first writing is not shown by the record, it being variously called an order, a contract, and an agreement. It was in the possession of the plaintiff, and was evidence pertinent to the issue and subject to the call of the defendant after proper notice, had it been demanded under the statute. This action is founded on two writings called " township orders " and signed by the supervisors, in each of which the township promises to pay the sum of $125, with interest, for one road machine.

After the plaintiff had rested his case, the defendant moved the court for a compulsory nonsuit for the reason that no such consultation or deliberation between the members or such official action of the board of supervisors of Ayr township has been shown, as is necessary to support a contract of this character and to make it binding upon the township. The court entered a judgment of nonsuit which it subsequently refused to lift. The evidence in support of the plaintiff's claim may be very slight, but that is immaterial, provided it amounts to more than a mere scintilla. If there is any evidence which alone would justify an inference of the disputed facts on which the right to recover depends, it must, according to the well settled rule, be submitted to the jury : Lerch v. Bard, 153 Pa. 573.

George W. Gleen testified in substance : " We purchased what was called a road grader, a road machine. Mr. Rhinelander had it brought over, and a trial was made of it; we had come there to see the plow tried; to see whether it would do what it was represented to do ; by an arrangement between the two supervisors a day was fixed to try the machine ; we were there to look at the operation of the machine, it worked a couple of hours ; we talked it over and we concluded that it had done what the agent represented it would do, and that we were under obligations to sign the contract for the machine. After the machine was tried we felt under obligation to take the machine ; it had filled the object as we had contracted for. We talked different times about it after the machine had made the trial and the day before. I had seen Mr. Rhinelander before we made the contract for the machine, and under his sanction ; I first refused myself, unless that he was satisfied that they wanted the machine. I had always been in favor of a road machine and thought it would be a benefit to the township to have one. A number of citizens—maybe twenty-five—of Ayr township were there ; a good many opposed the purchase of the machine and some were in favor of it. They didn't object to the machine but to its not being suited to the roads of the township." The testimony of the other supervisor was in full accord with the foregoing. The notes or township orders were signed by the two supervisors. Counsel for the defendant admitted on trial that there was no allegation of any fraud or corruption in the case. From the testimony it clearly appears

that the two supervisors conferred together in regard to the purchase of the property, and after a two hours' public test in the presence of a number of taxpayers agreed in deliberate consultation that the road machine was of the kind and quality as represented by the plaintiff's agent, and that in their judgment it was adapted for use on the roads under their supervision. The fairness of the price is not questioned. The separate interviews with the agent and the preliminary agreement were not binding on the township, but they were introductory to the public test before the supervisors who were to have an adequate inspection and conference before passing on the question. There was evidence to warrant a jury in finding that the supervisors made the contract after such deliberation as the law expects and requires.

The decisions on this subject are uniform. When the business requires deliberation, consultation and judgment, all of the supervisors should be convened because the advice and opinions of all may be useful. Though they do not unite in opinion a majority may act when there are more than two : Union Township v. Gibboney, 94 Pa. 534. The action needed is not that of the individuals who compose the board but of the official body: American Road Machine Co. v. Washington Township, 9 Pa. Superior Ct. 105.

The present case is very unlike the one last cited where the board of supervisors consisted of five members who were organized as a board by electing a president and secretary. The requirements of the law were ignored in not convening the board for the purpose of considering the purchase of or payment for the stone crusher. The conduct of the separate supervisors and the character of the testimony adduced, warranted the entry of the nonsuit. The supervisors in that case evaded the mandates of the Act of June 23, 1897, P. L. 194. The authority of that " board of supervisors " to purchase material, scrapers, plows, stone crushers, etc., depended upon a compliance with the statute which relates to townships having three or more supervisors. The right of the two supervisors of Ayr township is conferred by the earlier act of 1887, consultation and deliberation on their part being just as necessary and mandatory as in the large townships. More cannot be expected in townships having but two supervisors than that they shall honestly confer

with each other and fairly deliberate in the interest of the tax-payers before they attempt to bind the township by their action.

Under the evidence, we feel that this case should have been submitted to the jury under proper instructions to determine the facts.

The judgment is reversed and a venire facias de novo awarded.