## Logan, Appellant, *v.* Rochester Township.

*Road law—Supervisors—Meeting and deliberation of supervisors.*

Where a township has but two supervisors, they must honestly confer with each other, and fairly deliberate in the interest of the taxpayers before they attempt to bind the township by their action.

One of two supervisors cannot bind the township by a contract for the entire reconstruction of the road for a large sum of money where it appears that the supervisors never met on the ground, and did not discuss the extent, character or cost of the repairs to be made, or how the township was to provide for the payment of the same. The mere fact that one of the supervisors said to the other " to go ahead and put the road in good repair, good condition, and he would stand by him in anything that he did," is not sufficient to justify the second supervisor in incurring the expenses of the entire reconstruction of the road.

Argued May 14, 1902. Appeal No. 82, April T., 1902, by plaintiff, from order of C. P. Beaver Co., March T., 1899, No. 302, refusing to take off nonsuit, in case of Ira W. Logan v. Rochester Township. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for work and labor done on a public road. Before CRAWFORD, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

VOL. XXI—8

114    LOGAN, Appellant, *v.* ROCHESTER TOWNSHIP.

Assignment of Errors—Opinion of the Court. [21 Pa. Superior Ct.

*Error assigned* was refusal to take off nonsuit.

*J. F. Reed*, for appellant.—Where supervisors have an arrangement that each shall take charge of a certain portion of the township, the action of either within the limits assigned is binding on the township : Colley Twp. Supervisors, 29 Pa. 121 ; Somerset Twp. v. Parson, 105 Pa. 360 ; Harshman v. Dunbar Twp., 11 Pa. Superior Ct. 642 ; Union Twp. v. Gibboney, 94 Pa. 534.

The roads being in need of repair, and the supervisors having power over the subject-matter in the unquestioned performance of their duty, the contractor was not required to run around and inquire whether the supervisors were faithfully discharging their duty in making the contract.   He had the right to assume they were faithfully discharging their duties : Union Twp. v. Gibboney, 94 Pa. 537.

*R. S. Holt*, of *Wilson & Holt* and *M. F. Mecklem*, for appellee.—One supervisor cannot bind the township for performance of a contract, the propriety of entering into which is the subject of deliberation and the exercise of judgment: Union Township v. Gibboney, 94 Pa. 534 ; Batten v. Brandywine Twp., 3 Clark, 462 ; Somerset Township v. Parson, 105 Pa. 360 ; American Road Machine Company v. Township of Washington, 9 Pa. Superior Ct. 105.

OPINION BY ORLADY, J., July 10, 1902 :

In 1896, the township of Rochester had for its supervisors John W. Erwin and Adison Marquis, who for their convenience divided their work on the road so that Erwin had charge of the roads in one end of the township and Marquis at the other. There were in the township from twelve to fourteen miles of road, which were maintained by the supervisors levying a tax, this being usually worked out by property owners.   In the spring of 1896 the tax duplicate of Erwin amounted to $1,300, which had been exhausted by labor so as to leave from $300 to $500 at the time he began work on the road in controversy (between Rochester and Freedom), a stretch of about one mile. This piece of road had been injured by freshets during the spring, and some culverts and cross drains were washed out.

On the road was laid a street railway track, and the company owning it was under a covenant, " to leave the public road in good repair, and keep the same thereafter in proper condition for travel to the satisfaction of the supervisors of the township ; and, in case of failure so to do, the supervisors shall cause the same to be so done at the expense of said company." A notice was given to the railway company of the necessity for repairs on the road, but it does not appear that the condition of the road was due to any act of the railway company, and its reason for not making the repairs is not disclosed by the record. The plaintiff brought this suit to recover for labor and services performed on the township highway " at the special instance and request of said township of Rochester, acting through its supervisors, duly elected and acting and having charge of said roads, ways, etc., of said township at the time said labor was performed and services rendered."

The road between the points named was a very old one and under all the testimony, unquestionably needed some repairs ; it is contended, however, that the work done was unwarranted under the direction of a single supervisor. The supervisors several times talked about the road and the necessity for repairs, when Marquis told Erwin " to go ahead and put the road in good repair, good condition, and he would stand by him in anything that he did." The facts are undisputed that the supervisors never met on the ground and did not discuss the extent, character or cost of the repairs to be made, or how the township was to provide for the payment of the necessary repairs. Without further co-operation between them, Erwin incurred expenses aggregating about $2,000 on this mile of road representing about $1,000 for labor and teams, freight on 112 carloads of slag, hauling of stone, etc., and building of bridges with stone abutments in substitution for sewer pipe drains and log culverts. The testimony shows a practical reconstruction of the roadbed, in regard to which it was highly important that the supervisors should act jointly. The taxpayers were entitled to the combined intelligence, common sense and honesty of the supervisors in making such permanent improvements, and this duty cannot be discharged by one who simply withdraws from the important business and says to his associate, " Go ahead and I will stand by you." Such a transfer of per-

sonal judgment is not permitted under the law.   Public duty is a legal obligation to perform an act, and when a supervisor accepts his office, the law imposes a duty to perform it which cannot be delegated.   This liability and authority are well recognized, and apply in all cases to those who deal with such public officers.   The principal question always is the extent and character of the work done.

As was said in Cooper v. Lampeter Township, 8 Watts, 125, " when damage is done to a road or bridge by a freshet or other accidental cause, or when it needs repair from the natural progress of decay, there can be no objection to the necessary expenditure being authorized by less than a majority.   This is an absolute duty, which calls neither for deliberation nor consultation.   Those who deal with such agents must take care to have the express consent of all to whom the law has entrusted the transaction of the public business.   The inhabitants of the township whose interest must be protected have a right to the counsel and judgment of all to whom such trusts are committed."   One supervisor cannot bind the township for performance of a contract, the propriety of entering into which is the subject of deliberation and of the exercise of personal judgment.   When the business requires deliberation, consultation and judgment, all parties to it should be convened, because the advice and opinions of all may be useful ; and, though they do not unite in opinion, a majority may act where there are more than two : Union Township v. Gibboney, 94 Pa. 534.

In Somerset Township v. Parsons, 105 Pa. 360, one of the supervisors engaged the defendant in error to work on the public road with two men and team with plow, for which he was to be credited therefor on his road tax.   The plow was broken while it was in use on the road.   The claim to recover against the township rested chiefly on the promise of one of the supervisors made when he engaged the team and plow that the latter would not break or that he would be responsible for it if it did, and the question was, did such a contract by one supervisor bind the township.   It was held that it was clearly outside and beyond the ministerial power designated to a supervisor ; the affirmance of such a right would place the township at the mercy of a single supervisor.

The aggregate cost of this permanent improvement was a

very important item to this township, and the law has absolutely entrusted to the supervisors as a body the transaction of all public business imposed on them which calls for the exercise of judgment and careful deliberation. It is not pretended in this case that the contingency was so urgent or the emergency so extraordinary as to require a reconstruction of the road. The road was then being used and ordinary repairs alone were authorized by the one supervisor. The spring floods had interfered with the safe and convenient use of the road, and the authority delegated to Erwin by Marquis was no greater than Erwin possessed in his own right to make repair of roads so as to make them reasonably safe for public use: Maneval v. Jackson Township, 141 Pa. 426; Penna. Railroad Co. v. Montgomery County Passenger Ry. Co., 167 Pa. 62; American Road Machine Co. v. Washington Township, 9 Pa. Superior Ct. 105; Mitchell v. Kearns, 16 Pa. Superior Ct. 357.

More cannot be expected in townships having but two supervisors than that they shall honestly confer with each other and fairly deliberate in the interest of the taxpayers before they attempt to bind the township by their action.

The facts in this case emphasize the necessity for intelligent conference between the supervisors, an inspection of the proposed work, a fair exchange of views and a comparison of methods before a township would be made liable for $2,000 when the unexpended duplicate for that year amounted to no more than $500. The work done could not in any sense be called an ordinary repair, it was a practical rebuilding of a public road instead of restoring it to its ordinary condition. The consent of both was necessary, because it was a deliberative and not a ministerial duty. The error of the court below in excluding the offer in the first assignment, was rendered harmless by subsequently receiving the testimony of the same and a number of other witnesses, in regard to which they were examined at length.

The judgment is affirmed.