# F. C. Austin Manufacturing Company, Appellant, v. Ayr Township.

*Township—Duties of supervisors—Public officers—Contract.*

Where two supervisors have attended at the test of a road machine, have observed its operation, and after deliberating together have purchased the machine for the township, obligations given by them for the machines are binding upon the township, although the supervisors had separately and without previous consultation signed an order to the manufacturers to send the machine to the township for inspection and trial, and such order contained an agreement to purchase the machine if it fulfilled a certain warranty.

Argued Oct. 19, 1903. Appeal, No. 234, Oct. T., 1902, by plaintiff, from judgment of C. P. Fulton Co., Jan. T., 1899, No. 52, on verdict for defendant in case of F. C. Austin Man-

ufacturing Company to use of Florence Hanks v. Ayr Township. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on township orders.

At the trial it appeared that on September 23, 1892, George W. Glenn and David I. Rinedollar addressed a communication in writing to the plaintiff directing that two road machines of the kind manufactured by plaintiff should be sent to Ayr township for trial and inspection. The paper contained an agreement that if the machines did the work as warranted, the supervisors would purchase them at a price stated. This paper was signed separately by the supervisors and without previous consultation. The machines were delivered by the plaintiff in the township, and the two supervisors by appointment attended the trial and inspection, and after deliberation purchased the machines and gave the orders on which suit was brought. The court gave binding instructions for defendant, charging in part as follows :

The transaction out of which this controversy arises may be briefly stated. In September, 1892, an agent of the legal plaintiff in the action called upon each of these two supervisors, saw them separately, and commended the machine manufactured by the company he represented. His purpose was to make a sale. Failing in this effort, he called to see each supervisor some time during the following month on the same business. He saw Mr. Rinedollar first, at the latter's home, and submitted to him a contract, in which the price of the machine was set out, and a description, with a guarantee that the machine would upon a test accomplish certain results. This contract contained further an obligation to accept the machine on condition that it met the stipulations of the guarantee, and to pay for it by two notes. In short, upon its terms, if legally entered into, it would amount to a conditional sale, and the contract would impose a liability that could be legally enforced, if the conditions were met, whether notes were given or not. Mr. Rinedollar, one of the supervisors, signed this contract, with the understanding with the agent that it was to bind only in case his associate supervisor, Mr. Glenn, signed his name thereto. Having secured Rinedollar's signature to the

contract, the agent then proceeded to Mr. Glenn's who added his name to the contract. Subsequently, during the following month—November—the machine having arrived, the test was made, and, in the judgment of both supervisors, it met the requirements of the guarantee, and they thereupon gave the notes now in suit in payment.

The important inquiry in the case relates to the execution of the original contract. It is competent for township supervisors to contract for road machines, and they may pledge the credit of the township for the payment of the debt so incurred; but contracting in this way is not a ministerial, but a deliberative act, requiring the exercise of judgment and discretion. Supervisors can bind the township by such a contract only where they act together, not where they act individually and separately. What is required in such case is that the contract should be the result of conference, comparison of views, and interchange of ideas.

Referring to the particular contract, the evidence fails to show that prior to the time it was entered into by these supervisors there had ever been any conference on the subject of the purchase, or that there had been any joint consideration or action. If either knew the views of the other, his knowledge in this regard must have been derived from the agent of the plaintiff company, or some third party.

In the absence of all evidence of joint consideration and action, in which the township would have the benefit of a final conclusion reached after deliberation and conference, such a contract would impose no liability on the township, and none could be enforced.

I have said the material inquiry relates to the contract, for this was a sale, depending upon a condition that was afterwards met. Whatever life there is in the notes that were subsequently given, must be derived from the earlier contract. If that contract was invalid, the notes based thereon must be equally so. The notes at most were simply evidence that the condition of the sale had been met; that the machine corresponded with the guarantee. The power of the supervisors to bind the township by notes depended on the validity of the original contract in pursuance of which the notes were given.

I instruct you that the contract was not entered into in such

way as to impose liability on the township, and direct that your verdict be for the defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*W. Rush Gillan*, with him *M. R. Shaffner* and *W. Scott Alexander*, for appellant, cited: Climax Road Machine Co. v. Allegheny Twp., 10 Pa. Superior Ct. 437.

*O. C. Bowers*, with him *J. Nelson Sipes* and *John P. Sipes*, for appellee, cited: Penna. R. R. Co. v. Montgomery County Pass. R. Co., 167 Pa. 72.

OPINION BY HENDERSON, J., December 19, 1903:

The questions now presented in this case are not materially different from those considered and determined in the former appeal, Austin Mfg. Co. v. Ayr Township, 17 Pa. Superior Ct. 419.   The power and duties of the township supervisors were there sufficiently discussed, and that discussion need not now be elaborated or repeated.   We are only to consider whether there is evidence for the plaintiff which should have been submitted to the jury.   The learned court below attached undue importance to the order for the road machine signed by the supervisors.   Conceding that that order was not binding on the township because of the fact that it was signed by each of the supervisors in the absence of the other without consultation, it does not at all follow that the township is not liable in this action on the facts shown by the plaintiff's evidence.   The order delivered to the agent of the Austin Company was doubtless the inducement to the company to send the machine to the township for inspection and trial, but it was not necessary that any order should have been given.   It was clearly within the power of the supervisors to buy the machine after it was delivered in the township, and the important part of the plaintiff's testimony relates to that which occurred after the machine was received for trial.   Both of the supervisors were present by appointment on the day when the trial of the machine was made, and had sufficient opportunity to observe its construction

and mode of operation.    The subject of the purchase of the road machine was not new to them at that time.    Each of them had given more or less attention to it for weeks preceding, and, according to the testimony of one of them, they had discussed it together between the time when the order was given and the machine was received.    For an hour or more they observed the machine in operation, and were of the opinion that it came up to the representations of the agent as to efficiency, and that it would be to the advantage of the township to buy it.    After conferring together, they gave the obligations sued upon, accepted the machine and took charge of it.    The acceptance of the machine and the delivery of the obligations by the supervisors raises a presumption of deliberation, consultation and judgment, and there is direct evidence by the supervisors that, after seeing the machine in operation, they had some talk about it and concluded to take it.    It is not necessary that a protracted discussion should be engaged in as evidence of deliberation.    It could hardly be expected that after the lapse of so many years the supervisors could repeat at length the conversation they had at the time, but that given by them is evidence of such deliberation and exercise of judgment as should take the case to the jury.    There is clear evidence of the concurrence of the minds of the two supervisors upon the advisability of purchasing the machine, as to the agreement to purchase, as to the acceptance and retention of it, and the delivery of the obligations of the township in payment therefor.    In the absence of other competent evidence than that brought up on the appeal, the jury would have been justifiable in finding a verdict for the plaintiff.    We think therefore the learned court below was in error in not submitting the case to the jury.

As it goes back for another trial, it is proper to say that evidence of protests or objections of the taxpayers or by-standers present at the trial of the machine against its purchase are not relevant.    The law casts upon the supervisors the duty, discretion and responsibility of action in such matters, and the legality of what they do is not affected by the opinions of those who have no such responsibility.

The assignments of error are sustained; the judgment is reversed, and a venire facias de novo is awarded.