# F. C. Austin Manufacturing Company, Appellant, *v.* Ayr.

*Townships—Supervisors—Contract—Road machine.*

The purchase of a road machine by township supervisors is a deliberative as distinguished from a purely ministerial act, and is governed by the general rule applicable to such acts.

In an action against a township to recover the price of a road machine, the plaintiff makes out a prima facie case for the jury where he shows that the two supervisors met and conferred with regard to the machine, and after inspecting it and observing the manner in which it worked, agreed between themselves to accept it, and did accept it, gave their note on behalf of the township for the price, and that thereafter the machine remained in possession of the township.

In such a case the plaintiff is not bound, in the first instance, to go further and adduce express evidence that the supervisors discussed the matter before them for determination, or that they expressed their views one to the other regarding the many things it was their duty to consider before taking such action, or that each did, in fact, honestly, fairly, deliberately, and adequately consider the interests of the taxpayers and inhabitants of the township.

Argued Oct. 17, 1905. Appeal, No. 101, Oct. T., 1905, by plaintiff, from judgment of C. P. Fulton Co., Jan. T., 1899, No. 52, on verdict for defendants in case of F. C. Austin Manufacturing Company now to use of Florence Hanks v. Ayr Township. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit to recover the price of a road machine. Before SWOPE, P. J.

The facts are stated in the opinion of the Superior Court.

The defendants presented the following points:

1. The purchase of the road machine such as is involved in this case, by the supervisors of the township, is a deliberative as distinguished from a ministerial act, and in order to recover in this case, the plaintiff must show to the satisfaction of the jury and by a preponderance of the evidence, that the supervisors in purchasing the machine for the price of which the notes in suit were given, consulted, deliberated and agreed together with respect to the advisability of its purchase, in view of the financial condition and the wants and necessities of the township in making and repairing its roads. *Answer :* This point is affirmed. [1]

2. The order given by the supervisors for the machine was not binding, and imposed no liability upon the township to take or pay for the machine, even if it did fulfill the terms of the warranty contained therein, the evidence of the plaintiff showing that the said order was given without any consultation or deliberation between the supervisors with respect to the advisability of its purchase. *Answer :* This point is affirmed. You understand this point to mean that because of the order, given separately and without deliberation and consultation, it was not binding upon the township at all. To justify the purchase of this machine there had to be consultation and deliberation in the interest of the taxpayers thereof. [2]

3. If the jury believe from the evidence that the notes in the suit were signed by the supervisors because, and only because, they believed that the machine had fulfilled the warranty contained in the order, and representations made with respect to it by plaintiff's agent, and that they were therefore under obligation and bound to take and pay for the machine, there is no liability upon the township in the premises and the plaintiff cannot recover. *Answer :* This point is affirmed, for the same reasons given in affirming the second point. [3]

4. The giving of the notes in the suit by the supervisors is not of itself binding upon the township; but the burden is upon the plaintiff to show to the satisfaction of the jury, and by a preponderance of the evidence, that the two supervisors, in their official capacity, and after consultation and deliberation on the subject, agreed together, uninfluenced by any supposed liability created by the order, that it was to the interest of the

township that the machine would be purchased. *Answer:* This point as stated is not affirmed and we answer it as follows: The giving of the notes in the suit is not of itself binding upon the township. You may consider it, however, as a presumption of deliberation, but the burden is upon the plaintiff to show that to the satisfaction of the jury. With the exception of a word, we affirm the latter part of this point, with the use of the word uncontrolled instead of uninfluenced. [4]

5. If the jury believe from the evidence that during the interview, which ended with giving of the notes in suit, and before the notes were given, the agent, Crosby, told the supervisors that the township was bound, by reason of the order previously given, to pay for the machine, and that this statement influenced the supervisors, or " either of them, to a material degree in signing the notes, the plaintiff cannot recover." *Answer:* This point as stated we refuse, and answer as follows : If the jury believe from the evidence that before the notes were given, the agent, Crosby, told the supervisors that the township was bound to pay for the machine, and this statement controlled the supervisors, the plaintiff cannot recover. Here again we use the word controlled instead of influenced. [5]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*W. Rush Gillan*, with him *M. R. Shaffner* and *W. Scott Alexander*, for appellants, cited : Climax Road Machine Co. v. Allegheny Twp., 10 Pa. Superior Ct. 437 ; Austin Mfg. Co. v. Ayr Twp., 24 Pa. Superior Ct. 91.

*O. C. Bowers*, with him *J. Nelson Sipes* and *John P. Sipes*, for appellee, cited : American Road Machine Co. v. Washington Twp., 9 Pa. Superior Ct. 105 ; Cooper v. Lampeter Twp., 8 Watts, 125 ; Case of Turnpike Road, 5 Binney, 481 ; Union Twp. v. Gibboney, 94 Pa. 534 ; School District v. Fuess, 98 Pa. 600 ; Nason v. Poor Directors, 126 Pa. 445 ; Butler v. School District, 149 Pa. 351 ; Penna. R. R. Co. v. Montgomery Co. Pass. Ry. Co., 167 Pa. 62.

OPINION BY RICE, P. J., June 30, 1906 :

It is well settled that the purchase of a road machine by township supervisors is a deliberative, as distinguished from a purely ministerial, act, and is governed by the general rule applying to such acts : American Road Machine Co. v. Washington Twp., 9 Pa. Superior Ct. 105 ; Climax Road Machine Co. v. Allegheny Twp., 10 Pa. Superior Ct. 437 ; Western Wheeled Scraper Co. v. Butler Twp., 24 Pa. Superior Ct. 477; Austin Mfg. Co. v. Ayr Twp., 17 Pa. Superior Ct. 419 ; 24 Pa. Superior Ct. 91. The rule is commonly stated in these words : " One supervisor cannot bind the township for performance of a contract, the propriety of entering into which is the subject of deliberation and the exercise of judgment ; but he may in matters purely ministerial. When the business requires deliberation, consultation and judgment, all should be convened, because the advice and opinions of all may be useful, and though they do not unite in opinion, a majority may act when there are more than two : " Union Township v. Gibboney, 94 Pa. 534 ; Cooper v. Lampeter Twp., 8 Watts, 125 ; Somerset Twp. v. Parson, 105 Pa. 360. See also Penna. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62 ; Logan v. Rochester Twp., 21 Pa. Superior Ct. 113. Hence it has been held that a written order in the form of a conditional contract for the purchase of a road machine, to which the supervisors, without previous joint consideration or meeting for consultation upon the subject, have been induced by the vendor or his agent to attach their signatures separately, imposes no obligation upon the township to take and pay for it. But, as supervisors have power to make such a contract they have power to ratify it, notwithstanding the irregularity of their action at the outset. See 1 Dill. Municipal Corporations, § 463 ; McKnight v. Pittsburg, 91 Pa. 273; Philadelphia to use of O'Rourke v. Hays, 93 Pa. 72; Silsby Mfg. Co. v. Allentown, 153 Pa. 319; Sandy Lake Boro. v. Sandy Lake, etc., Gas Co., 16 Pa. Superior Ct. 234. If while the order or contract, given in this irregular manner, is still executory and is in legal effect but an offer to treat upon the subject, the two supervisors meet and confer with regard to the matter, and after inspecting the machine and observing the manner in which it does the work for which it is designed, agree between themselves to accept it, and do accept it, give

their note on behalf of the township for the price, and from that time the machine remains in the possession of the township, without offer, so far as the evidence shows, upon the part of its officers to return it to the vendor,—in an action to recover the agreed price where such a state of facts appears, what is the prima facie presumption? Is it that the supervisors, in disregard of their official duty, accepted and retained the machine and promised to pay for it without that deliberation and the exercise of that judgment and discretion which, when convened to decide the matter, the law required of them? Must the plaintiff establish the fact that they performed their whole duty in that regard to the inhabitants and taxpayers of the township by proof of what they said, one to the other, when thus convened? - Is their action invalid because some of the matters, which it was their official duty to consider before consummating the purchase, were not discussed at their conference? Can the action be defeated by proof of the belief or motives, undisclosed to the other contracting party, which erroneously but honestly one or both of·the supervisors permitted to influence or control their action? In view of certain expressions in the charge to the jury and its tenor as a whole, these are pertinent questions. If they must be answered in the negative, the case was submitted to the jury upon an erroneous theory as to the burden of proof, and must be sent back for retrial. They are to be considered in the light of the fact that this is an action upon a fully executed contract of sale which the supervisors had undoubted power to make ; and it is to be borne in mind that the legitimate scope of inquiry is much narrower than it would be upon the official audit of their accounts, wherein the township seeks to surcharge them for an improvident and ill-considered exercise of their power. In the leading case upon the subject of the duties and powers of supervisors with reference to acts of a deliberative nature these distinctions were expressly recognized. Justice ROGERS, who delivered the opinion of the court, said: " An improvident exercise of power, although it may affect the agents personally, yet furnishes no reason for an avoidance of the contract." And in concluding the opinion he said: " Whether the township would be bound, if the contract had been made by the supervisors, is a point not altogether so clear. The act vests a discretion in the su-

pervisors, and if on consultation they have determined that this was an expense which it was proper the township should bear, it may be doubtful whether their incorrect judgment should not be made to bear upon their principals, rather than on the contractors, who were not bound to examine the correctness of their decision.   It may admit of question whether the remedy would not be the ordinary one, the loss of the confidence of their constituents, for an unwise and unskillful exercise of a public trust:" Cooper v. Lampeter Twp., 8 Watts, 125.  Keeping these distinctions in mind and confining attention to the precise questions above stated, we think that all of them must be answered in the negative.   When it is said that this is of a class of acts requiring consultation, deliberation and judgment, it is not implied that there must be debate or discussion in which every relevant consideration is brought into view ; much less, that a party who has parted with his property, or done work of which the township has the benefit, upon the contract of the two supervisors acting together, must fail in his action for the price unless he can show that there was such discussion, debate or interchange of views.   What is implied is that the two supervisors shall meet in consultation upon the subject, so that there shall be afforded to each the opportunity of expressing to the other and obtaining from the other his advice and judgment upon the question, as well as the facts within his knowledge pertinent thereto.   But when in such action as we are considering the plaintiff has shown that there was such meeting for consultation upon the subject, and such examination of the machine and its working as we have described, and that following this they accepted and retained the machine in their possession, and, still acting together, gave their obligation on behalf of the township for the price, we think he has shown all the facts necessary to be proved expressly and affirmatively in the establishment of a valid contract.   There arises from these facts a prima facie presumption that the concurrence of the supervisors as to the act was the result of that deliberation which their duty to the inhabitants and taxpayers of the township required of them before accepting the machine and pledging the credit of the township for the price.   Applying the doctrine of analogous cases,—Childs v. Brown Township, 40 Pa. 332 ; Cook v. Deerfield Twp., 64 Pa. 445 ; Oakland Twp. v.

Martin, 104 Pa. 303; Climax Road Machine Co. v. Allegheny
Township, 10 Pa. Superior Ct. 437; Harshman v. Dunbar Township, 11 Pa. Superior Ct. 638,—the vendor would have a right
to assume from the facts above stated that the supervisors had
done their duty in this regard, if the preliminary contract or
order had not been given, and we are not convinced that this
alone was sufficient to repel the presumption arising from the
other facts, that the purchase of the machine was the act of the
supervisors, as a board, after consultation and deliberation.    As
shown by the opinion filed by our Brother HENDERSON, this
was the view taken by the court when the case was before us
the second time (24 Pa. Superior Ct. 91), and a full reconsideration of the question has not led us to a different conclusion.
We do not regard this as a mere inference of fact which a jury
may or may not draw from the facts stated, but as a presumption, which, though disputable, holds good until it is invalidated
by proof or a stronger presumption.

Thus far we have not alluded to the testimony, which, apart
from the presumption we have discussed, tended to show that
the machine was accepted and the notes were given after such
deliberation as the law requires.    That there was such testimony sufficient to carry the question to the jury was clearly
decided on the two former appeals, and is not now seriously
questioned.    Therefore we need not go over that ground again.
The points to which the present discussion has been directed,
and the conclusions reached, may be summarized as follows:
First, proof satisfactory to the jury of the facts specifically
mentioned in the former parts of this opinion would, of itself, establish a prima facie right to recover and shift the
burden of proof; second, the plaintiff was not bound, in the
first instance, to go further and adduce express evidence that
the supervisors discussed the matter before them for determination, or that they expressed their views, one to the other, regarding the many things it was their duty to consider before
taking such action, or that each did, in fact, honestly, fairly,
deliberately and adequately consider the interests of the taxpayers and inhabitants of the township; third, there being no
allegation of fraud, collusion or corrupt motive, proof that they
were influenced or controlled in their action by an erroneous
belief, not disclosed to nor induced by the other contracting

party, as to their legal obligation under the prior contract or order, would not defeat the action.

But the presumption arising from the facts specifically mentioned at the outset of the foregoing discussion is not conclusive. "Those who deal with such agents" (township supervisors) "must take care to have the express consent of all to whom the law has intrusted the transaction of the public business. The inhabitants of the township whose interest must be protected have a right to the counsel and judgment of all to whom such trusts are committed:" Cooper v. Lampeter Township, 8 Watts, 125. The party who induces them to forego that deliberation and the exercise of that judgment and discretion in the interest of the township which the law requires of them is not in position to say that he had a right to assume that they had done their duty in that regard. He had no right to assume that which he knew was not the fact, when he himself not only acquiesced in their omission of official duty to the public, but advised and incited it. We conclude, therefore, that the presumption would be rebutted, and the right of the plaintiff to invoke it would be gone, if the preponderance of testimony establishes the facts to the satisfaction of the jury, that the only subject which the supervisors considered, or upon which they deliberated and consulted, when brought together, was the fulfillment of the warranty contained in the original order separately signed by them; that they accepted the machine and gave the notes, without prior joint deliberation upon or consideration of, any other question, because they assumed and believed, even though honestly, that they were bound to do so if the warranty was fulfilled; provided, these facts were known to the plaintiff's agent at the consummation of the transaction, and this action and belief on the part of the supervisors were induced by his positive assertion at that time that they were bound by the order previously given.

The foregoing discussion, without separate discussion of each assignment of error, shows wherein we agree with and wherein we differ from the learned judge below.

Judgment reversed and venire facias de novo awarded.