# Western Wheeled Scraper Company *v.* Butler Township, Appellant.

*Public officers—Supervisors—Townships—Deliberate action of supervisors.*
While a single supervisor may bind the township in a matter merely ministerial, he cannot do so where the business requires deliberation, consultation and judgment. In such a case the supervisors should consult and deliberate together, and though they do not unite in opinion, a majority may act when there are more than two. Neither the degree of consultation, nor the extent of deliberation can be defined, as they depend upon the circumstances of each case; and in townships having but two supervisors, more cannot be expected than that they shall honestly confer with each other, and fairly deliberate in the interest of the taxpayers before they attempt to bind the township by their action.[1]

[1] *Note.* See Logan v. Rochester Township, 21 Pa. Superior Ct. 113.— REPORTER.

One supervisor cannot commit his experience and business judgment to his colleague and delegate to him the power to think and act in his stead.

The question whether the township shall buy a new road scraper, or exchange the old one for a new one, or repair the old one, is a matter, not merely ministerial, but is one involving consultation and deliberation, and cannot be decided by one supervisor without consultation on his part with the other supervisor, there being only two for the township.

Argued Jan. 15, 1904.    Appeal, No. 47, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., May T., 1900, No. 518, on verdict for plaintiff in case of Western Wheeled Scraper Company v. Butler Township.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Assumpsit for goods sold and delivered.    Before LYNCH, P. J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $276.20.    Defendant appealed.

*Error assigned* was above instruction.

*George K. Powell*, for appellant.—The purchase of a road machine is not ministerial: Austin Mfg. Co. v. Ayr Twp., 17 Pa. Superior Ct. 419; Union Twp. v. Gibboney, 94 Pa. 534; Somerset Twp. v. Parson, 105 Pa. 360.

*John M. Garman*, for appellee.—One supervisor may bind the township by a mere ministerial act, such as the employment of hands, and giving duebills for the amount of work done on the roads : Dull v. Ridgway, 9 Pa. 272.

OPINION BY ORLADY, J., March 14, 1904 :

David Mase and Daniel Wenner were the supervisors of Butler township for the year 1894.    The plaintiff's agent negotiated with Mase for the purchase of a road scraper to be paid for by delivering an old road scraper, which was owned by the township, and a note dated April 27, 1894, to the order of the plaintiff for $179, due one year after date.    The note was signed by David Mase, supervisor, and Wenner, the other supervisor, was requested to sign it but refused.

This suit was originally instituted on the note before a justice of the peace, and when on trial in the common pleas the record was amended by declaring on the contract for the value of the scraper sold to the township. Taking the plaintiff's case in its strongest aspect, the contract for the purchase of the scraper was the individual act of one supervisor. Mase testified as follows : "We were talking about it and Wenner said I am satisfied, whatever you do. I said, now the old machine is worn out, we will have to do something with this machine. I will have a bargain to make, a trade. I suppose I will make a trade, and Wenner replied I am satisfied, just the way you make it, I will stand by you." After having this conversation with Wenner, Mase effected the deal by trading in the old machine and giving the note for the difference in price. It is conceded that Wenner was not present when the bargain was made ; was not present when the machine was tested ; was not consulted about the price to be paid for the new scraper, or the credit to be allowed for the old one ; that he refused to sign the note in ratification of the contract, and did not see the machine until after the whole transaction was ended and the new machine delivered to Mase for the township. The authority of one supervisor to bind the township by a ministerial act is clearly established. In Dull v. Ridgway, 9 Pa. 272, the township was held liable for work done on a public road on the order of one supervisor, and in Hopewell Township v. Putt, 2 W. N. C. 46, on a contract awarded by one supervisor for building a public road; in regard to which case the Supreme Court said in Union Township v. Gibboney, 94 Pa. 534, "certainly making the contract, though for work authoritatively commanded, went to the very verge of the power of a single supervisor, if not beyond." In that case the chief justice dissented. In Pottsville v. Norwegian Township, 14 Pa. 543, it was said, "in all matters which the township is bound to perform, one supervisor may bind the township, even if the other refuses." While the courts have approved of the exercise of this authority by one supervisor in cases similar to the foregoing, there is an imperative unbending rule which has been consistently enforced in all cases, namely, that when the business requires deliberation, consultation, and judgment, all the supervisors should be convened, because the advice and opinions of all

may be useful, and though they do not unite in opinion, a majority may act when there are more than two.    In Somerset Township v. Parson, 105 Pa. 360, "the claim rested on the promise of one supervisor when he engaged a team and plow, that the latter would not break or that he would be responsible for it." The question was.  Did such a contract bind the township? The Supreme Court said "we are clearly of the opinion that it did not.  It was outside and beyond the ministerial power delegated to him.  The affirmance of such a right would place the township at the mercy of a single supervisor."   The action needed is not that of the individuals who compose the board but of the official body : .American Road Machine Co. v. Washington Township, 9 Pa. Superior Ct. 105 ; Weaver v. Powel, 148 Pa. 372.   This rule has never been relaxed where public policy or judicial decision requires that the action should be joint so as to sanction the act of a single supervisor.   Neither the degree of consultation nor the extent of deliberation can be defined, as they depend upon the circumstances of each case, and in townships having but two supervisors, more cannot be expected than that they shall honestly confer with each other and fairly deliberate in the interest of the taxpayers before they attempt to bind the township by their action : Austin Mfg. Co. v. Ayr Township, 17 Pa. Superior Ct. 419 ; Austin Mfg. Co. v. Ayr Twp., 24 Pa. Superior Ct. 91.

The purchase of a road scraper cannot, with any show of reason, be held to be a duty imposed by law on supervisors ; it is not an indispensable implement but is often an experiment with a new venture.   The propriety of such a purchase depends upon the character of the soil and roadbed ; the efficiency of the particular machine ; its price and terms of payment; the financial condition of the township, and other matters which peculiarly demand the practical business judgment of the supervisors, before the township is made liable for a new debt.

In this case there was the added dilemma of fixing the value of the old machine, and whether it could be repaired (as was testified to by a number of witnesses) or should be exchanged for a new one.   It was never intended that the consultation should be a constructive or vicarious one, but rather, an actual meeting of minds after a personal conference.   One supervisor cannot commit his experience and business judgment to his

colleague and delegate to him the power to think and act in his stead. Measured by the foregoing standard the action of Mase was without authority of law, and the township was not bound by his act. The fifth assignment of error is sustained and the judgment is reversed.