# Rumsey, Appellant *v.* Shaw.

*Contract—Sale—Misrepresentation—Fraud—Rescission—Damages—Evidence—Charge of court.*

In an action to recover a balance of purchase money due for an option on the stock of a corporation, where the defendant sets up misrepresentations by the plaintiff as to the amount of net earnings of the corporation, and there is no allegation of misrepresentations as to the physical plant of the company, it is error for the court to instruct the jury that they might infer from the fact that defendant had inspected the plant, or from information conveyed to him, that he had a full knowledge concerning the plant including its income, and if they did so infer, the defense set up cannot be sustained.

*Sale—Rescission—Fraud—Damages—Equitable defense.*

If it is not possible for a vendee to restore the conditions which had existed at the time of his contract of purchase, when he discovers that he has been the victim of misrepresentations, he may, without a formal rescission of the contract, have compensation in damages for the injury as an equitable defense to an action on the contract.

Where in an action to recover a balance of a purchase price of an option on the stock of a corporation, the defendant sets up as a defense false representations made by the plaintiff as to the net earnings of the company, and it appears that the defendant shortly before the expiration of the option secured a new option, and within a reasonable time ascertained that the representations as to the first option were false and by this time the first option had expired, he can set up the false representations as a defense, although he had not rescinded the contract and tendered back the first option.

Argued May 16, 1905. Appeal, No. 301, Jan. T., 1904, by plaintiff, from judgment of Superior Court, Oct. T., 1903, No. 18, reversing judgment of C. P. Lancaster Co., April T., 1901, No. 2, on verdict for plaintiff in case of George E. Rumsey v. P. B. Shaw. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Appeal from Superior Court.

The opinion of the Superior Court by PORTER, J., was as follows :

The plaintiff being the owner of an option to purchase all the stock of the Martinsburg Electric Company, of Martinsburg, West Virginia, at the price of $50,000, which option ex-

pired on November 14, 1899, employed one, Wilber, to assist him in making a sale of the option. Wilber presented the matter to the defendant, and after some preliminary negotiations, the parties, plaintiff, defendant and Wilber, met at Martinsburg on November 13, 1899. The defendant found that the extent and physical condition of the property of the electric company was as it had been represented to be, but desired additional time to investigate as to the amount of the net earnings, which resulted from its operations. The stockholders of the electric company gave to the defendant a new option upon the stock, at the same price, which extended until February 15, 1900, he paying to the company for such new option the sum of $2,500, which was to be credited upon the purchase price in case the option was closed. The defendant on November 13, 1899, entered into an agreement to pay the plaintiff $1,500 for his option, which expired the next day, and paid $1,000 of said amount in cash and agreed to pay the remaining $500 on or before February 15, 1900. The $500 was not paid within the time specified, and for the recovery thereof the plaintiff brought this action. [The defense is upon the ground that Shaw was induced to enter into this contract on the faith of positive representations made at the time as to the amount of the net earnings of the electric company, which representations were, upon investigation, discovered to be false.] [3] There was evidence, which, if believed, would have warranted a finding that the plaintiff and his associate, Wilber, in his presence, had represented to the defendant that the earnings of the company were not less than $6,000 per annum. There was no question in controversy at the trial which involved the extent and condition of the lands and equipment owned by the company, the contest was over the amount of the net earnings of the company, and the representations which the plaintiff had made with regard to the same. It is an undisputed fact that the defendant, after the books of the company had been examined by an expert for the purpose of ascertaining the actual amount of the net earnings, and as a result of that examination, let the new option, which he had taken in his own name, lapse, and lost the $2,500 which he had paid to the stockholders of the electric company.

[The jury were in substance instructed in the language

which is the subject of the third specification of error, that they might infer from the fact that the defendant had inspected the plant of the company, or from the information conveyed to him by Kinter, that the defendant had full knowledge concerning the plant, including its income, and if they did so infer, that the defense set up could not be sustained. The defense was not upon the ground that the physical plant of the company was not what it had been represented to be; the sole complaint of the defendant was that the amount of the net income had been misrepresented. There was no evidence that the defendant, prior to the making of this contract, had been permitted to inspect the books of the company or had any opportunity to ascertain the amount of the company's revenues, nor was there any evidence that Kinter had communicated to him any information upon that subject. The instruction might well have led the jury to understand that they could base their verdict on a finding of fact on which there was no evidence, and the specifications of error must be sustained. Paul v. Kunz, 195 Pa. 207; Reel v. Martin, 12 Pa. Superior Ct. 340.]

[4] [The court below held in the ruling, which is the subject of the fourth specification of error, that the defendant could not set off as against the claim of the plaintiff, the amount of the damages which he had sustained by reason of being led to part with his money through misrepresentations as to the net income of the company, the entire issue of the stock of which was the subject of the option with regard to which the parties contracted. The reason of the learned judge for so holding, as stated in his opinion refusing a new trial, was because the defendant had failed to promptly rescind the contract and tender back to Rumsey the option with regard to which they had bargained. The damages which the defendant attempted to set off grew out of the same contract upon which the option was bought. The option of Rumsey expired the day after his contract was made, the defendants obtained a new option for the purpose of enabling him to have an examination made into the amount of the income of the company; there does not seem to have been any unreasonable delay in the making of this examination, and when it was completed the Rumsey option had expired. When the defendant discovered the facts which would have warranted a rescission of the

contract, it was not possible to place the parties in the position which they had occupied at the time the contract was made for the reason that the property, the Rumsey option, which was the subject of the contract, had ceased to exist. When it is not possible for a vendee to restore the condition which had existed at the time of his contract of purchase, when he discovers that he had been the victim of misrepresentation he may, without a formal rescission of the contract, have compensation in damages for the injury, as an equitable defense to an action on the contract, or to be recovered in a suit for them: Blygh v. Samson, 137 Pa. 368.] [5] When a party relies upon a rescission of a contract he must show that he elected to rescind with reasonable promptness upon the discovery of the fraud, and must tender a return of the property or security which was the subject-matter of the contract: Cornelius v. Lincoln Nat. Bank, 15 Pa. Superior Ct. 82. When, however, the thing, the consideration of which is sought to be recovered back, is entirely worthless, there is no duty to return it: Babcock v. Case, 61 Pa. 427; Beetem v. Burkholder, 69 Pa. 249. The fourth specification of error is sustained.

The judgment is reversed and a venire facias de novo awarded.

*Errors assigned* were (1, 2) in reversing and not affirming the court of common pleas; and (3-5) portions of the opinion of the Superior Court as above, quoting them.

*T. B. Holahan*, with him *M. Alexander* and *R. V. Alexander*, for appellant.

*C. E. Montgomery*, for appellee.

OPINION BY MR. JUSTICE POTTER, July 22, 1905:

The action of the Superior Court in reversing the judgment of the court of common pleas of Lancaster county, in this case, is made the subject of formal complaint in the first and second assignments of error. In the third assignment, it is alleged that the Superior Court erred in the statement which appears in its opinion, " that the defense is upon the ground that Shaw was induced to enter into this contract on the faith of positive

representations made at the time as to the amount of the net earnings made by the electric company, which representations were upon investigation discovered to be false." We are at a loss to understand the suggestion of counsel as to this statement being erroneous. It certainly does set forth as a matter of fact, the ground upon which the defense was based in the trial court. The entire dispute was as to whether there had been misrepresentation; and this was submitted to the jury as a question of fact. In his appeal to the Superior Court, the defendant, Mr. Shaw, alleged error in the manner in which the case was submitted to the jury, and his allegation in this respect was sustained by the Superior Court.

It appears from the evidence that a prospectus which formed the basis for the contract in suit, set forth that, " The total net income at the present time will amount to not less than $6,000 per year; " and it was upon the strength of that statement that the defendant alleges he made the contract for the purchase of the option in question. Upon the trial, an expert witness for the defendant testified that an examination of the books of the company showed that the annual net income of the plant amounted only to about $3,800 per year, or to the sum of $5,400 for the period of about seventeen months. In his charge to the jury the learned trial judge inadvertently said that this expert witness had testified that the earning capacity was about $5,400 for the term of one year. As the substantial dispute in this case was with reference to the earning capacity, this erroneous statement of the evidence would seem to have been upon the pivotal fact in the case, and we cannot say but that it may have misled the jury. The mistake was too serious to be passed over.

The Superior Court was also clearly right in holding that there was no evidence from which the jury could properly infer that the defendant had, prior to the making of the contract, any opportunity to ascertain for himself the amount of the net revenue received by the company, and that, as a consequence, it was error for the trial judge to submit to the jury the question whether the defendant knew, or ought to have known, the earning power of the plant at the time the contract was made.

Complaint is also made of the Superior Court in the fifth as-

signment for holding that " when the defendant discovered the facts which would have warranted a rescission of the contract, it was not possible to place the parties in the position which they had occupied at the time the contract was made." But this was clearly correct; for, as is pointed out in the opinion, the Rumsey option, which was the subject of the contract, had ceased to exist, and the defendant had obtained a new or extended option, for the very purpose of gaining time to investigate the amount of the income of the company.

We see no reason whatever for differing with the conclusions reached by the Superior Court; they are fully sustained, we think, by the reasoning in the opinion, and by the principles of the authorities therein cited and applied.

The assignments of error are overruled and the judgment of the Superior Court is affirmed.