## Falkinburg *v.* Venango Township, Appellant.

Argued May 20, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Albert L. Thomas,* of *Thomas & Kiebort,* for appellant. —Contracts for purchase of road equipment of second-class townships must be approved by the township commissioner: Hontz v. Twp., 85 Pa. Superior Ct. 281; Geiser Mfg. Co. v. Twp., 40 Pa. Superior Ct. 97; Whitehead v. School Dist., 145 Pa. 418; Jackson v. School Dist., 280 Pa. 601.

Contracts for purchase of tractors require consultation and deliberation of the board of supervisors: Austin Mfg. Co. v. Ayr, 31 Pa. Superior Ct. 358; American Road Machine Co. v. Twp., 9 Pa. Superior Ct. 105; Wheeled Scraper Co. v. Twp., 24 Pa. Superior Ct. 477; Union Twp. v. Gibboney, 94 Pa. 534; Cooper v. Twp., 8 Watts 125.

The township supervisors had no authority to bind the township by promissory note for the purchase of a truck: Maneval v. Twp., 141 Pa. 426; I. H. Co. v. Twp., 43 Pa. Superior Ct. 410; Gibson v. Poor Dist., 122 Pa. 557; Good Roads Machinery v. Twp., 25 Pa. Superior Ct. 156.

*Frank J. Thomas,* of *Thomas & Thomas,* for appellee. —Even had the transaction been the borrowing of money or the creation of a debt in anticipation of taxes to be collected, in order that the work might be performed in

proper season, it would be valid under section 436 of the Act of July 15, 1919, P. L. 969: Ferguson's App., 271 Pa. 518; Erie City's App., 91 Pa. 398; Schilling v. Twp., 260 Pa. 113.

It is readily conceded that the township supervisors are required to meet, consult and deliberate upon matters of this kind, but it is denied that an innocent holder of their obligation is compelled to determine such fact in a case such as this; he may and has a right to assume that their acts have been duly and regularly performed:

There was nothing on the face of this obligation to warn a purchaser that there was any irregularity in the proceedings leading up to the giving of same; there was nothing in the status of the parties indicating their lack of power or authority so to do: Cook v. Twp., 64 Pa. 445; Oakland Twp. v. Martin, 104 Pa. 303; Jefferson Co. v. Twp., 283 Pa. 126; Harshman v. Twp., 11 Pa. Superior Ct. 638; Cox & Sons Co. v. Brewing Co., 245 Pa. 418; Com. ex rel. v. Select & Common Councils of Pittsburgh, 34 Pa. 496; Kerr v. Corry, 105 Pa. 282.

OPINION BY MR. JUSTICE WALLING, July 1, 1929:

In 1925, Venango Township was a township of the second class in Crawford County, of which F. M. Tuttle, Chas. L. Luellen and C. H. Holden, were the township supervisors. As such they bought an Acme Motor Truck of R. L. Spencer, of Meadville, for which they gave him a township obligation as follows:

"TOWNSHIP ORDER

"$2700.00                              Date July 13/1925.

"Township of Venango, County of Crawford, State of Penna., will, on or before the 1st day of July, 1926, at the First National Bank of Cambridge Springs, Pa., pay to the order of R. L. Spencer, of Meadville, Pennsylvania, the sum of twenty-seven hundred dollars, with exchange, for Acme Motor Truck, value received, waiving valuation and appraisement laws of the state of Pa.,

with interest thereon at the rate of six percent. per annum, until due, and highest rate of interest from then until paid. We declare, for the purpose of enabling the payee or holder of this note to negotiate and sell same, that we have no offset nor defense of any kind or nature against it, and that same will be paid when due:

| "Name | Official Title | Address |
| --- | --- | --- |
| "F. M. Tuttle, | Pres. Board, | Cambridge Springs, Pa. |
| "Chas. L. Luellen, | Sec. Board, | Cambridge Springs, Pa. |
| "C. H. Holden, | Supervisor, | Venango, Pa." |

This, before maturity, Spencer by endorsement assigned to J. H. Falkinburg, the plaintiff, for value and without notice, as the evidence tended to show. Default thereon having been made, Falkinburg brought this suit against the township. It was set up in defense that the contract for purchase of the truck including the execution of the obligation was the separate action of the supervisors done without any joint meeting or consultation and further that the contract for purchase of the truck was never at any time submitted to the township commissioner of the State Highway Department nor approved nor signed by him as required by statute. The evidence offered in support of this defense was excluded by the trial judge, who held that the obligation above quoted was a negotiable promissory note, not subject to any defense in the hands of an innocent holder for value and instructed the jury that if they determined plaintiff was such to find in his favor, which was done. Judgment having been entered thereon, defendant brought this appeal.

The ruling of the trial judge cannot be sustained. Townships, being quasi municipal corporations, can only issue commercial paper when authorized by statute expressly or by necessary implication. No such statute has been called to our attention and we know of none. The mere authority to buy road machinery does not confer upon township supervisors the power to issue commercial paper therefor. Dillon's Municipal Corpora-

tions (5th ed.), volume 1, page 529, section 284, states: "That quasi corporations, such as counties, have no implied power to issue commercial paper unless by virtue of express legislation or by very strong implication therefrom, and although the county may have power to erect a courthouse and other necessary public buildings, this does not authorize the issue of commercial paper for that purpose": citing Claiborne Co. v. Brooks, 111 U. S. 400, and other cases. Counties, although quasi municipal corporations, are generally clothed with greater powers than townships. A township would be in a perilous position if liable for every promissory note its supervisors might give. Our conclusion is that township obligations, regardless of form or transfer, are open to a meritorious defense.

Supervisors as public officers are presumed to have properly performed their duties and to have taken the steps necessary to give validity to their official acts. See Georges Twp. v. Union Trust Co., 293 Pa. 364; Jefferson Co. v. Rose Twp., 283 Pa. 126; Vernon Twp. et al. v. United N. Gas Co., 256 Pa. 435; Houseman v. Int. Navigation Co., 214 Pa. 552; Good Roads Co. v. Union Twp., 34 Pa. Superior Ct. 538. This is a rebuttable presumption and may be overcome by proof. In 22 C. J. page 130, the rule stated is "There is always a presumption that official acts or duties have been properly performed, and in general it is to be presumed that everything done by an officer in connection with the performance of an official act in the line of his duty was legally done, whether prior to the act, such as giving notice, or determining the existence of conditions prescribed as a prerequisite to legal action, or subsequent to such act." And further, page 135: "The presumption is rebuttable by affirmative evidence of irregularity for failure to perform duty, but the burden of producing such evidence rests upon him who asserts unlawful or irregular conduct, for there can be no presumption of official irregularity, and unless the presumption of regularity

is rebutted, it is conclusive." See cases above cited and Hartwell v. Root, 19 Johnson 345, 10 Am. Dec. 232; Farr v. Sims, 24 Am. Dec. (S. C.) 396; Squier v. Stockton, 9 La. Ann. 120, 52 Am. Dec. 583; Dubuc v. Voss, 19 La. Ann. 210, 92 Am. Dec. 526. So while the official acts of supervisors are prima facie valid, it is always competent to show their invalidity. For example, the Act of May 17, 1921, P. L. 857, amending the Act of July 14, 1917, P. L. 840, referring to the power of supervisors, provides, inter alia: "All contracts for the construction, reconstruction, and improvement of roads, and for the purchase of materials used in such work, and for the purchase of equipment and machinery, shall be submitted to the township commissioner of the state highway department, for approval or disapproval, before such contracts are actually entered into, and no such contract shall be valid unless it shall be approved and signed by the township commissioner." The Act of April 30, 1925, P. L. 402, makes the failure to comply with this provision a misdemeanor. It follows that a contract made by the supervisors in disregard of the statute above quoted is not enforceable against the township. In other words, before a contract for the purchase of road machinery is actually entered into, it must be submitted to and approved by the proper officer of the State Highway Department. Hence, the offer of proof that this had not been done in the instant case should have been admitted; if established, it would have been a valid defense. Volume 2, Dillon on Municipal Corporations (5th ed.), page 1154, section 777, states: "It is scarcely necessary to observe that no contract can be made by a corporation which is prohibited by its charter or by the statute law of the state. And it is a general and fundamental principle of law that all persons contracting with a municipal corporation must at their peril inquire into the statutory power of the corporation or of its officers to make the contract; and a contract beyond the scope of the corporate power granted

or conferred by the legislature expressly, or by fair implication, is void, although it be under the seal of the corporation."

The note is in fulfillment of the contract and stands on no higher ground. It is idle to say that the supervisors can give a valid obligation for an implement which, for failure to comply with the statute, they lacked authority to purchase. The statute cannot be circumvented in that manner. If the supervisors lacked authority to give the note they also lacked authority to add the certificate of no defense.

Furthermore, the purchase of this truck was a matter requiring deliberation and judgment; if, as a matter of fact, the supervisors never met together and consulted as a board with reference thereto, the contract was invalid: P. R. R. v. Montgomery Co. Pass. Ry., 167 Pa. 62; Union Twp. v. Gibboney, 94 Pa. 534; Wheeled Scraper Co. v. Butler Twp., 24 Pa. Superior Ct. 477; Machine Co. v. Washington Twp., 9 Pa. Superior Ct. 105.

The judgment is reversed and a new trial is granted.

See Foresman v. Gregg Twp., infra, 369.