Erie City, Appellant, *v.* Piece of Land et al.

Argued May 11, 1932.  Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*T. P. Dunn* and *Edward M. Murphy,* City Solicitor, with them *Henry MacDonald,* Assistant City Solicitor, for appellant.—A tax collector has no right to receive anything in payment of taxes except legal tender money, and the lien of the taxes will not be discharged except by such payment or tender: Nutting v. Lynn, 18 Pa. Superior Ct. 59.

Constructive notice is as effective as actual notice: Kuhn's App., 2 Pa. 264; Stephen's App., 87 Pa. 202; Boyd v. McCullough, 137 Pa. 7; Kuhl v. Jersey City, 23 N. J. Eq. 84.

*C. Harrison Lund,* with him *Henry C. Baur,* for appellees.—Payment is a defense to a scire facias to revive and was specifically so stated in the earlier Act of April 19, 1843, and the amendments and supplements thereto: Philadelphia v. Brooke, 81 Pa. 23.

When the receipt of the treasurer was exhibited to the innocent purchaser, he had a right to assume that the city had complied with the law and had received legal tender money: Phila. v. Anderson, 142 Pa. 357; Atkins v. Payne, 190 Pa. 5; Fitler v. Com., 31 Pa. 406; Phila. v. Matchett, 116 Pa. 103; Breisch v. Coxe, 81 Pa. 336; Baird v. Cahoon, 5 W. & S. 540.

OPINION BY MR. JUSTICE KEPHART, June 30, 1932:

The City of Erie issued a scire facias on a municipal lien for grading, curbing, and paving. The owner defended on a receipt showing payment in full, given by the city treasurer to an agent of the former owner, exhibited to the present owner when he bought the property, and on the strength of which he bought.

The city, admitting the receipt, denied that any money had ever been paid and set up that though a check from the former owner had been given, it was never paid. The court below held the city could not go behind

the receipt, and was estopped by the act of the city treasurer in issuing it. Judgment was entered against the city, from which this appeal was taken.

Section 15 of the Act of May 16, 1923, P. L. 207, provides that when a tax, municipal, or other claim, is filed it "shall remain a lien upon said properties until fully paid and satisfied"; from this the city argues that the lien unsatisfied would survive any ineffective payment such as a worthless check, and that the city's claim was therefore still good. If we accept the word "satisfied" as meaning "satisfied of record" then, according to appellant's argument, even though the city received full payment of its claim the lien might still remain; and this possibly to the prejudice of other lien creditors, —a result not contemplated by the legislature. When the claim is paid it is satisfied and no further proceeding may be had thereon. The absence of the mechanical act of marking it satisfied of record would not prevent junior creditors from showing that it was paid and of no further validity. When payment has been made, and there is no satisfaction of record, this satisfaction may be accomplished by a proceeding in court for that purpose. We may conclude that when a claim is paid it is in legal effect satisfied. Was this claim paid in law as relates to appellee owner? Was there any further duty respecting it resting on him?

Section 8 of the Act of March 12, 1842, P. L. 68, reads: "No medium shall be received in the payment of tolls, taxes or other revenue of the Commonwealth, other than gold and silver, the notes of specie-paying banks or the legal issues." The Superior Court held in Nutting v. Lynn, 18 Pa. Superior Ct. 59, that "A tax collector has no right to receive anything in payment of taxes except legal tender money, and the lien of the taxes will not be discharged except by such payment or tender." The city treasurer should not have received the check or, taking it, should not have issued a receipt for the claim unless the receipt protected the city. As between the

city and the person to whom the receipt was given, the receipt was of no effect. But the receipt, when exhibited to an innocent person as evidence of payment of an existing claim against land he was buying, presents a different question. Without considering the averments of the city to the contrary in its answer, the receipt was exhibited to the present owner, who had no knowledge of any defect in the receipt or in the payment of the claim it purported to represent as paid. An innocent person seeing such receipt and who was to be effected by it would have the right to assume that it had been issued only after the actual payment of the sum mentioned. Public officers are presumed to have properly performed every duty and met every requirement necessary or essential to the validity of their official acts: Houseman v. International Navigation Co., 214 Pa. 552; Lehigh Val. Coal Co. v. Northumberland Co., 250 Pa. 515; Falkinburg v. Venango Township, 297 Pa. 358. This presumption is so strong that it is tantamount to presumptive proof of the antecedent acts necessary to sustain validity: Houseman v. International Navigation Co., supra. When the receipt was presented to show payment of a claim against property about to be purchased, in the absence of fraud, the party to whom it was presented had the right to assume that the officers had complied with the law, that is, that the claim was paid as the law required, in cash or its equivalent. Under such circumstances an innocent party, acting in good faith, should not be prejudiced by the failure of public officers to perform their duty concerning a matter exclusively within their control, on the faith of which he has done acts which he otherwise would not have done if that duty had been performed.

But there is another matter, mentioned above, apart from the receipt, which must be considered. We may say in passing, however, if an officer in the position of a tax collector or treasure desires to issue receipts for checks given to him, such receipts should state on their

face that its validity is dependent on the payment of the check. The court below entered a summary judgment on the pleadings. Such judgment will not be entered except in a clear case: Davis v. Investment Land Co., 296 Pa. 449; Armstrong v. Connelly, 299 Pa. 51. Was there no further duty resting on the owner? When he was shown the receipt from the city he had at the same time before him the picture of an unsatisfied lien. What was his duty under the circumstances, since the unsatisfied lien showed one thing and the receipt another? Should he have inquired from the city treasurer why the lien remained unsatisfied or if it would be satisfied? Was this inquiry made? Did he act as a careful prudent man would have acted under like circumstances? Did he make such inquiry under the circumstances as a careful purchaser would make? These facts cannot be determined by a trial judge. A jury should pass on them. The city set up a charge of fraud in its reply to the present owner's defense. Paragraph 7 of the reply reads in part, "Plaintiff admits that the receipt as set forth ......was issued......but that the said receipt was secured by fraud, unlawful and illegal practice on the part of defendant [appellee] or its agent," the paragraph goes on to set forth the particular acts of the alleged fraud. If it appears that the present owner was linked with the fraud and the worthless check for which the receipt was obtained, or neglected the duty of inquiry which he should have exercised, he would not be an innocent party and the city would not be estopped from collecting the claim. Such being the state of the pleadings, the court below erred in entering the judgment it did.

Judgment reversed with a procedendo.