First National Bank of Monongahela City *v.*
Carroll Township, Appellant.

242

Argued April 23, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Paul N. Barna,* for appellant.

*Clarence O. Devore,* of *Devore, Benedict & France,* for appellee.

OPINION BY RHODES, J., July 27, 1942:

This is an action in assumpsit for money had and received, which was instituted by plaintiff bank against Carroll Township, a second class township, located in Washington County. In disposing of the previous appeal (140 Pa. Superior Ct. 70, 13 A. 2d 121), we reversed the judgment entered in favor of plaintiff, for the reason that judgment could not be entered against a township, or other municipality, for want of a sufficient affidavit of defense. We remitted the case for trial on the merits. The trial judge gave binding instructions in plaintiff's favor, and after verdict defendant's motions for judgment n.o.v. and for a new trial were refused. An appeal from the judgment entered was then taken by defendant to this court.

The facts are not in dispute. For the year 1938 defendant township set up in its annual budget the sum of $3,000 for the purchase of new tools and machinery. During the same year, after advertising and securing the approval of the Department of Highways,[1] the supervisors of the township purchased a road roller from H. W. Findley for $5,520. On July 25, 1938, the supervisors gave Findley a note for $3,160, payable 160 days after date, in payment of the balance due on the purchase price. On the due date of the note, January 3, 1939, the board of supervisors adopted a resolution which authorized the borrowing of $3,160 from plaintiff bank to pay the note held by Findley, the giving to the bank of a note of equal amount payable on June 1, 1939, and the payment of the note from the 1939 road taxes.[2] The bank then credited $3,160 to the account of the township, and honored Findley's draft with his note attached. The township repaid the bank for this draft with its treasurer's warrant.

At the audit of the 1938 accounts of the township its auditors surcharged the supervisors with the sum of $2,376.50, for the reason that the purchase of new tools and machinery exceeded the appropriation of $3,000 set up in the budget for that year, and the supervisors thus violated the Act of May 1, 1933, P. L. 103, §802, as amended by the Act of June 5, 1937, P. L. 1738, §2, 53 PS §19093-802.[3] On appeal the court of common

---

[1] See Act of May 1, 1933, P. L. 103, §802, as amended by Act of June 5, 1937, P. L. 1738, §2, 53 PS §19093-802.

[2] See Act of May 1, 1933, P. L. 103, §903, 53 PS §19093-903; *Georges Township v. Union Trust Co.*, 293 Pa. 364, 370, 143 A. 10.

[3] This section of the act reads in part: "The supervisors shall not hire any work to be done, purchase any material, or make any contract in any amount which will cause the sums appropriated for such purposes to be exceeded. No contracts or purchases not provided for by an appropriation, or which shall cause any appropriation to be exceeded, shall be valid."

pleas sustained the surcharge with modification as to amount.

When the note of the township to the bank became due, payment was refused. Thereupon the bank credited the deposit account of the township on its indebtedness, and brought this suit in assumpsit for money had and received, in which it claimed a balance of $1,154.58 with interest.

After this suit was begun and before trial, the supervisors, without the knowledge or consent of the bank, entered into a written agreement with Findley whereby he agreed to the return of the roller and to refund to the township the purchase price which included the amount borrowed from the bank. The refund was to be partly in cash and partly in installment payments. Findley was to pay also all interest due the bank on its balance after May 1, 1940. At the time of trial a substantial sum had been paid to the township under this agreement.

The agreement between the township and Findley was approved by the court, and the surcharge against the supervisors was stricken off by order of court.

At the trial the township admitted that the unpaid balance was in the amount claimed by the bank. The trial judge directed a verdict in favor of the bank for this amount with interest.

The township presents two contentions to the effect that the bank is not entitled to recover. It relies mainly on the Act of May 1, 1933, P. L. 103, §802, as amended by the Act of June 5, 1937, P. L. 1738, §2, 53 PS §19093-802. This act, known as "The Second Class Township Law," provides that any contract which causes an appropriation to be exceeded is invalid. See, also, section 902 of the Act of 1933, as amended by section 3 of the Act of 1937, 53 PS §19093-902.[4] It is argued on behalf

---

[4] This section was further amended by the Act of July 2, 1941, P. L. 241, §1, 53 PS §19093-902.

of the township that its contract to purchase the roller was invalid because the contract price exceeded the appropriation for that purpose, and that, a fortiori, there was no power to execute its note to the bank for the payment of the last installment of $3,160. See *Falkinburg v. Venango Township,* 297 Pa. 358, 364, 147 A. 62; 5 McQuillin, Municipal Corporations, 2d Ed., §2319, p. 928.

It is not disputed that a township, like any other municipal or quasi municipal body, may act only through powers that have been conferred on it by the legislature, or by virtue of a necessary implication of power associated with a given function. *Georges Township v. Union Trust Co.,* 293 Pa. 364, 368, 143 A. 10. The exercise of a power, especially by a second class township, must be in conformity with the method provided and within the limitations defined. It is the general rule that liability on municipal contracts can be imposed only by compliance with the method prescribed by the statute. *Philadelphia Company v. City of Pittsburgh,* 253 Pa. 147, 152, 97 A. 1083; *Carpenter v. Yeadon Borough et al.,* 208 Pa. 396, 400, 57 A. 837. See, also, *Lower Nazareth Township Supervisors' Appeal,* 341 Pa. 171, 19 A. 2d 92; 6 Williston on Contracts, Rev. Ed., §1786A, p. 5074; Pennsylvania Annotations to the Restatement, Restitution, §62.

However, such defense as the township may have had to an action on its note to the bank or on the contract for the purchase of the roller is immaterial and irrelevant here. The township supervisors secured a cancellation of the contract for the roller, and arranged to have the purchase price (which includes the full amount of money borrowed from the bank) refunded, together with certain interest on the loan from the bank. But they claim the right to keep the money borrowed from the bank as well as the refunded purchase price, and thus the township seeks unjust enrichment through the

alleged unlawful acts of its officers. "We have a long line of decisions which hold, in effect: 'Where one has in his hands money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof. No privity of contract is necessary to sustain this action, for the law, under these circumstances, implies a promise to pay' ": *McAvoy & McMichael, Ltd., v. Commonwealth Title Insurance & Trust Co.*, 27 Pa. Superior Ct. 271, at pages 276, 277. See, also, *Cameron Bank v. Aleppo Township*, 338 Pa. 300, 303, 13 A. 2d 40; *Greenwich Bank v. Commercial Banking Corp.*, 85 Pa. Superior Ct. 159, 163. Ordinarily, if a person transfers something to another in the belief that he has a valid contract with him, he is entitled to restitution if there is no contract. Thus where the transferee is incompetent to enter into a transaction because of an incapacity to enter into the specific transaction, the transferor is entitled to restitution, provided it is not contrary to the policy which created the incapacity. Restatement, Restitution, §47, comment (b), and note thereto; section 62, comment (b). "Where one received money from another for a particular purpose and neglects or refuses to apply it to such purpose, it may be recovered in an action for money had and received; and the same rule has been held to apply where money is received for a purpose which is afterward abandoned or cannot be carried out": 41 C.J. p. 45, §31. See 38 Am. Jur., §521, p. 200.

The dominant fact in the present controversy is that the purchase of the roller, which the township stresses as unlawful, has been abandoned, and the status which previously existed, in effect, reestablished. The contract for the roller, between the township and the seller, has been cancelled, the supervisors have been relieved of the surcharge, and the purchase price and interest have been or are to be returned by the seller to the

township. The agreement with Findley, to which the bank was never a party, took the place of the surcharge against the supervisors, and the illegal nature of the transaction was eliminated by their release. We are satisfied that the township has no right in good conscience or in law to retain the money which was loaned by the bank and included in such purchase price. The language of our Supreme Court in *Long v. Lemoyne Borough*, 222 Pa. 311, at page 317, 71 A. 211, at page 212, is applicable here: "Though the bank cannot recover on the judgment note given to it, because the attempt to do so is an attempt to enforce an express contract which no one had been properly authorized to execute on behalf of the borough, there is an implied obligation resting upon the municipality to pay back what was lent to it in good faith."

The cases cited and relied upon by the township relate to entirely different circumstances, and are not controlling. The reason underlying those decisions has been frequently stated. See *Hepburn v. City of Philadelphia*, 149 Pa. 335, 339, 340, 24 A. 279; *Lower Nazareth Township Supervisors' Appeal*, supra, p. 176; Quasi-Contractual Liability of Municipal Corporations, 47 Harvard Law Review 1143.

The second contention of the township is that the bank cannot maintain this action because it did not tender the judgment note held by it, and relies on *Rick v. Kelly*, 30 Pa. 527. The court below in this connection said: "The note given the bank in this case has no value, and such fact has been recognized by all parties concerned ever since the institution of this suit; which suit is not based on the note, but in assumpsit for money had and received." We agree that the note is invalid and worthless, and that the law will not require the formality of its return before bringing the action. Restatement, Restitution, §65, comment (e); *Babcock v. Case*, 61 Pa. 427, 431; *Rumsey v. Shaw*, 25

248

Pa. Superior Ct. 386, 392, affirmed 212 Pa. 576, 61 A. 1109.

Judgment is affirmed.