Abington Heights School District, Appellant *v.* Township of South Abington, William Cole, Alfred Lockett and Giles Stanton, Appellees.

Argued December 15, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Joseph A. O'Brien,* with him *Kenneth A. Rhodes, Oliver, Price and Rhodes,* for appellant.

*William J. Garvey,* with him *James M. Scanlon, Scanlon, Howley & Scanlon,* for appellees.

OPINION BY JUDGE ROGERS, March 2, 1983:

Abington Heights School District (school district) has appealed from a judgment of compulsory nonsuit entered against it in the Court of Common Pleas of Lackawanna County in its action against South Abington Township and the township supervisors (township) seeking specific performance of an alleged agreement for the exchange of parcels of real property.

In the period from 1974 to 1976, each the school district and the township had expressed to the Pennsylvania Turnpike Commission its interest in acquiring a parcel of land owned by the Commission located in South Abington Township and known as the carnival grounds. The Turnpike Commission directed the parties to determine between themselves which would purchase the property. The school district and the township entered into negotiations in which the school district expressed its willingness to convey two parcels of land owned by the school district to the township in exchange for the carnival grounds when the township should acquire it from the Turnpike Commission. In September, 1976, the school district's solicitor prepared a draft of an agreement and an addendum thereto under which the township would acquire the carnival grounds, remove the improvements there located, grade the property, and convey it to the school district

in consideration of the school district's conveying to the township, subject to certain use restrictions, the two parcels of ground owned by the school district. This agreement was never formally or otherwise approved for execution by either party and not executed by either.

During early 1977, the school district learned that the township and the Turnpike Commission had scheduled a closing for the conveyance of the carnival grounds to the township on February 15, 1977. As a result, members of the school board and the township supervisors met again and discussed various proposals which might be included in a formal agreement. No agreement was executed and the township acquired title.

Negotiations continued without formal approval by either board of the terms of an agreement or the execution of an agreement.

The school district brought the action for specific performance on August 10, 1979. The township's defenses were that the parties never came to an agreement as to the exchange and that there was never a writing which bound the township, so that the case was never taken out of the Statute of Frauds.[1] After hearing, the chancellor entered judgment of nonsuit on motion of the township on the ground: that the school district had failed formally to approve the execution of an agreement prior to suit; that all meetings of the parties consisted only of informal discussions; that neither party had formally, that is, in a duly convened meeting, approved a transaction of exchange; and that there was no writing binding either party so as to take

---

[1] Section 1 of the Act of March 21, 1772, 1 Sm. L. 389, 33 P.S. §1, providing that "all . . . estates . . . in . . . lands . . . created . . . by parol, and not put in writing, and signed by the parties . . . shall have the . . . effect of . . . estates at will only, and shall not . . . be deemed . . . to have any other or greater force or effect. . . ."

the case out of the Statute of Frauds. The prayer of a petition of the school district that the nonsuit be taken off was refused.

A careful examination of the record impells the conclusion that the chancellor was correct on all points and we affirm the judgment below on the portion of the chancellor, Judge JAMES J. WALSH's opinion following:

In the instant case, the only attempt to satisfy the Statute of Frauds is the introduction into evidence of certain letters written by Supervisor Habeeb and Supervisor Cole to certain third parties. These letters make reference to an agreement between the Township Supervisors and the School District. The School District contends that these letters are sufficient to satisfy the writing and signing requirements of the Statute of Frauds. The question is whether the signatures on these letters were the signatures of individuals acting independently and beyond their authority or whether these letters were from the Township Supervisors acting formally in their representative capacity. The facts of this case cannot sustain a finding of the latter. There is no evidence that Mr. Cole or Mr. Habeeb were formally authorized by the Board to act on its behalf. Also, there is no evidence that the Township Supervisors acted as an official body; and there is a long-standing Pennsylvania authority that, in matters requiring deliberation and judgment, a formal vote of the Board of Supervisors is required to create a valid, binding contract. Falkinburg vs. Venango Township, 297 Pa. 358 (1929); Pa. Railroad vs. Montgomery County Passenger Railway, 167 Pa. 62 (1895). Furthermore, as a similarly elected representative body, the School District should

have known that an individual Township Supervisor does not have the authority on his own to bind the Township absent a Board resolution to that effect. Here, the evidence represented indicates the letters of Mr. Cole and Mr. Habeeb are clearly not the result of any unified, formal action of the Board, and therfore, cannot bind the Township in a contract for the sale of land.

There is also no evidence that the School Board, before the suit was filed, ever formally approved the contract of sale or authorized the District to enter into such a contract. The evidence clearly shows that all the informal meetings of these bodies were merely negotiations which were never formally approved or adopted.

The School District also raised an estoppel argument relying on Albright vs. City of Shamokin, 419 A.2d 1176 (1980). In that case the City was estopped to deny the existence of a contract for retirement benefits which were relied upon by a retiring city employee. That case is distinguishable from the Abington Heights School District case in that the City of Shamokin passed the pension ordinance at a formal town meeting and the plaintiff had every reason to believe that the employment contract (which included the retirement benefits) was valid. The employee, Albright, thereafter relied to his detriment by taking his retirement expecting certain monthly benefits.

In the instant case, the Abington Heights School District has no right to rely on the individual ... action of any or several of the Township Superviors. The Township can only be bound by the formal actions of the Board of Supervisors acting as such.

Giving the plaintiff School District the benefit of all evidence favorable to [it] and resolving all apparent conflicts in favor of the Plaintiff, it remains clear that the required formalities to establish a contract were not met and that the estoppel argument fails because the School District had no right to rely on anything less than a formal action of the Township Board of Supervisors or on the action of individuals formally authorized to act on their behalf.

Judgment affirmed.

### ORDER

AND Now, this 2nd day of March, 1983, the judgment of nonsuit entered in the Court of Common Pleas of Lackawanna County is affirmed.