## Manning v. Canton Township Sanitary Authority

*James H. McCune,* for plaintiffs.

*Sanford S. Finder* and *William Allison,* for defendant.

RODGERS, *J.,* January 5, 1989 — Plaintiffs, Blair Manning and Patsy Manning, seek peremptory judgment in mandamus against defendant, Canton Township Sanitary Authority, to require defendant authority to satisfy its claim for delinquent sewer rentals entered at no. 94, December 1980, M.L.D. in

the face amount of $342.03. Plaintiffs allege in their complaint that at the time they purchased the real estate against which this claim is entered, they reasonably relied on a written statement of the authority solicitor of the amount necessary to satisfy the outstanding liens of the sanitary authority and payment was made at closing from the proceeds of the sale by the sellers to the Canton Township Sanitary Authority as represented by the authority solicitor.

However, the authority takes the position in its answer that its then-solicitor's letter, at that time, referred only to the liens for construction due the authority, and not for the amounts due for delinquent sewer rental.

At oral argument of the motion for peremptory mandamus, this court raised the issue of whether the authority could be barred by the doctrine of equitable estoppel by reason of the alleged representations of its solicitor.

The general rule is that the doctrine of estoppel is applicable to the commonwealth or its political subdivisions only if it is acting in a proprietary capacity rather than a governmental capacity, 14 P.L.E. Estoppel §27 at 200.

To this general rule however, the Supreme Court of Pennsylvania has made an exception and has applied the doctrine of estoppel where an innocent person has reasonably relied on the representations of a public official. *Erie City v. Piece of Land,* 308 Pa. 454, 162 Atl. 445 (1932). See also, *Amerada Petroleum Corp. v. 1010.61 Acres of Land,* 146 F.2d 99, 102 (1944). See also, Hecht, Pennsylvania Municipal Claims and Tax Liens, §45.2 (1967). Accordingly this court finds that in an appropriate case equitable estoppel is a defense to payment of a municipal claim.

However, in the case at bar, defendant authority

claims that its then-solicitor made no misrepresentation that could be reasonably relied upon, that his representation was only to liens owing for sewer line construction rather than rentals due for operation, and that plaintiffs were not innocent purchasers since the amounts paid were substantially different from the face amounts that had been entered of record at no. 157, June term, 1978, M.L.D. in the amount of $840 and at no. 94, December term, 1980, M.L.D. in the face amount of $342.03.

Accordingly the motion for peremptory judgment of mandamus by plaintiffs cannot be granted at this time.

## ORDER OF COURT

And now, January 5, 1989, the motion of plaintiffs for peremptory judgment in this matter is refused without prejudice.