981 So.2d 659 (2008)
Luis VILLA, Jr., M.D., Appellant,
v.
Jose Marcelino REGALADO, et ux., Appellees.
No. 3D07-2081.
District Court of Appeal of Florida, Third District.
May 21, 2008.
Arnaldo Velez, Coral Gables, for appellant.
Podhurst Orseck and Stephen F. Rosenthal, Miami, for appellees.
Before WELLS and SALTER, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
This case involves a 1992 agreement which settled a pending circuit court action by providing for the entry of a $100,000 judgment for the plaintiff, now appellant, Dr. Villa, against the defendants, now appellees, Mr. and Mrs. Regalado, but "stayed" execution pending the outcome of other cases against third parties brought by Mr. Regalado.[1] Those cases ended with no recovery when 1995 and 1996 judgments were entered in the defendants' favor. In 2007, Dr. Villa attempted to execute on the agreed "judgment," contending that it was only to be paid or reduced by any amounts actually recovered in the third party cases and that since there were none the $100,000 judgment was still extant. In the order under review, however, the trial judge approved a ruling of the general magistrate that the recovery of the judgment was limited to the results of the independent cases, even though the proceeds were non-existent. The judgment-creditor now appeals from the resulting order refusing to permit execution upon the purported judgment, thus rendering it worthless. We affirm.
As everybody knows and is sick of hearing, the end-all of contract construction is *661 the intention of the parties. In this case, it is agreed that there is no extrinsic or parol evidence now available as to that issue. In its absence, we cannot put the lower court into error in relying on the parties' statement of what their "intent" was as contained, in so many words, in the agreement itself. It explicitly says that "the intent of the parties" is "that this judgment be satisfied with proceeds, if any, from these lawsuits." (Emphasis added). Because the key word "satisfied" unequivocally means "discharged in full," see Paino v. Great W. Life Assurance Co., 622 So.2d 632 (Fla. 3d DCA 1993) ("satisfied" means paid); In re Keck, Mahin & Cate, 241 B.R. 583 (Bankr.N.D.Ill.1999) (same); City of Erie v. Piece of Land, 308 Pa. 454, 162 A. 445 (1932) (same); Black's Law Dictionary 1370 (8th ed. 2004) (defining "satisfaction" as "[t]he fulfillment of an obligation; esp., the payment in full of a debt"), we deem the order below entirely correct.[2]
In addition, applying the principle that the parties' own conduct is a good indication of their understanding, the appellant's failure to take steps to collect on his judgment for a full decade after his alleged rights to do so would have come into effect when the underlying cases were disposed of, supports the conclusion that even he did not believe any such rights in fact existed. See Child v. Child, 474 So.2d 299, 301 (Fla. 3d DCA 1985) (contrary contention supported by "fact that [party] accepted the [result] . . . and did not complain for over two years"), review denied, 484 So.2d 7 (Fla.1986).
Affirmed.
NOTES
[1] The entire "Agreed Final Judgment" provides as follows:

This cause came on before the Court, upon the agreement of the parties hereto, and the Court, being otherwise duly advised in the premises, it is, thereupon,
ORDERED and ADJUDGED, that final judgment be and it is hereby entered in favor of the Plaintiff, Luis Villa, Jr., M.D., and against the Defendants, Jose Marcelino Regalado [and] Carmen Regalado, his wife, . . . in the principal sum of $100,000.00 for which let execution issue.
It is further,
ORDERED and ADJUDGED that execution on the judgment be and it is hereby stayed, pending the outcome of those two Circuit Court lawsuits, styled Mike Segal, P.A., vs. Pharmafax, Inc., et al., Case no.: 90-14095 and Jose Marcelino Regalado, et al., vs. Broad and Cassel, etc., et al., Case no.: 91-42666, now pending, it being the intent of the parties that this judgment be satisfied with proceeds, if any, from these lawsuits.
DONE and ORDERED at Miami, Dade County, Florida this 28 day of December, 1992.
(Emphasis added).
[2] Although we know virtually nothing about the circumstances of the 1992 case or its settlement, we can at least say that the type of disposition reflected by the agreement, as interpreted below and here, is not unfamiliar. On the face of it, it resembles cases in which defendants, such as alleged insureds, may agree to the entry of an adverse judgment primarily as a means for the plaintiff to attempt to collect from a so-called "deep-pocket." See Coblentz v. Am. Sur. Co. of N.Y., 416 F.2d 1059 (5th Cir. 1969).

Considering the agreement before us in that light may explain the language upon which Dr. Villa relies, which seems to make the document look like a "true" as opposed to the faux judgment we find it actually to be. The reference, for example, to "stay[ing]" rather than precluding execution may have been meant to assist recovery in the third party cases, on the theory that the entry of an enforceable judgment against them had caused the Regalados to suffer actual damages. While those references couldn't have hurt, they also don't help Dr. Villa by changing the essential effect of the agreement of the parties themselves. (Apparently, they didn't help much in the third party cases either.)